Frederick Cains   FC-8083
Attorney for Buckskin Realty, Inc.
430 East 86th Street
New York, NY 10028
(212) 249-9920
Frederickcains@yahoo.com


United States District Court
Eastern District of New York
-------------------------------------------------------x

Buckskin Realty, Inc.

                    Plaintiff/Appellant,

          v.

                                                    Case 1:18-cv-03886-FB

Mark D. Greenberg, an individual,
Greenberg & Greenberg,

                    Defendants/Appellees.
-------------------------------------------------------x



**APPELLANT'S BRIEF**

## Table of Contents

APPELLANT'S BRIEF ........................................................... i

Table of Contents ........................................................... ii

Table of Authorities ..........................................................v

I.  Overview ..................................................................1

II.  Relevant facts ...........................................................4

III. Legal authority for this appeal. ........................................6

IV.  Argument ..................................................................7

(a) The Order granting dismissal of Buckskin's complaint must be reversed as the court improperly considered documents outside of the pleadings on a FRCP 12(b)(6) motion to dismiss for failure to state a cause of action............................7

1.  The Court erred in formulating its Decision based on its interpretation of contents of the state court decision, not attached to Buckskin's complaint, thereby improperly adjudicating the motion to dismiss as if it were a summary judgment motion under FRCP 56. ..........................................7

2.  The Decision on 12(b)(6) grounds erred by making rulings as to a non-party in the state court proceeding, the homeowners association. ........................9

(b)  The bankruptcy court failed to follow the rule that when adjudicating a motion to dismiss under 12(b)(6), every factual allegation must be treated as true and every favorable inference must be given to the plaintiff. ...............................9

(c)  Buckskin respectfully asks this Court, under CPLR 4511(b), to take judicial notice of the records of the NYSOS that the Board is not a registered or recorded corporation..........................................................10

(d)  The bankruptcy court improperly advocated arguments on behalf of the Greenbergs and then ruled on the court's own arguments in favor of the Greenbergs..............................................................11

(e)  The Greenbergs "immunity defense" that they could unilaterally choose one affirmative defense over another fails when they did not research and inform Buckskin of other alternatives as it is the client's right to control the litigation. 12

1.  Quickly picking one defense and eschewing research cannot be justified by an immunity defense to legal malpractice. .......................................12

2.    The Greenbergs breached their duty to Buckskin to conduct thorough legal research thereby committing malpractice causing Buckskin to lose title to two 5-acre lots through foreclosure. ..............................................................13

3.    The only precedent cited by the bankruptcy court to deny relief to Buckskin actually favors Buckskin. ....................................................13

4.    The Court erred by ruling that the Greenbergs were entitled to an "immunity-type" defense when an absolute/real defense mandating dismissal appears on the face of the Board's complaint. ....................................................14

5.    The bankruptcy court misconstrued Buckskin's complaint to allege that the Greenbergs selected the wrong choice among several reasonable affirmative defenses........................................................................................................15

6.    There is no limit to the number of arguments that may be asserted when seeking vacatur or dismissal of a default judgment. ...........................................20

(f)    The bankruptcy court erred by ruling that the Greenbergs made a reasonable choice of considered arguments. .......................................................21

1.    Whether a reasonable choice was made by an attorney is not a question of law but is an issue for the trier-of-fact. .................................................21

2.    The choice of arguments evaluated by the bankruptcy court were researched by Buckskin's attorney in the adversary proceeding and not by the Greenbergs..................................................................................................22

(g)    The Board is in no way the alter ego or in privity with the homeowners association that was the only party that contracted with Buckskin and thus the real-party-in-interest. ...........................................................................................22

1.    Buckskin contracted with the WHA..........................................................22

2.    The WHA, an incorporated homeowners association, with which Buckskin had a contract, could not sue Buckskin for an alleged breach of that contract other than as plaintiff in its own name. ...........................................................22

3.    The Board's attorneys engaged in misrepresentation to the state court to the extent they purported to represent the homeowners association..........................23

4.    The Board tried to pass off the fiction that it and the homeowners association were the same legal entity. ..............................................................23

5.     The non-existence of the Board also makes it impossible to state a cause of action for breach of contract as only Buckskin's and the homeowners association have privity. ...................................................................................................24

6.     The deceit of the attorneys appearing for the non-existent Board cannot accrue to the detriment of Buckskin. .....................................................................25

7.     The object of the state court proceeding was foreclosure relief that was unavailable as a matter of law to an entity that cannot hold title. ........................25

8.     The state court plaintiff assumed the mantle of a condominium for a nefarious reason. ....................................................................................................25

9.     A non-existent entity cannot state a cause of action on which relief can be granted and cannot benefit from a court's power to decide that is limited to real parties in interest with a real controversy between them. ....................................26

10.    Foreclosure is not a remedy for a non-party to a contract that permits foreclosure. ...........................................................................................................27

(h)    The bankruptcy court improperly acted as an advocate for the Greenbergs. 28

(i)     The bankruptcy court erred when it ruled that the Board could amend its pleading in its motion for a reference to increase the monetary demand in the complaint. .............................................................................................................29

(j)     Absent the real party in interest which owns the cause of action as plaintiff, a cause of action cannot be stated by any other entity. ........................................30

(k)    The state Court lacked personal jurisdiction over the Board and the Greenbergs should have argued that its default and foreclosure judgments are therefore void......................................................................................................31

1.     No court can exercise jurisdiction over a non-existent entity.....................31

2.     The Greenbergs failed to argue that the state court judgment was void because of the non-existence of the Board. ..........................................................31

3.     After the non-appearance of Buckskin, a corporate defendant, jurisdiction to enter a default judgment cannot be obtained without personal service of the summons and complaint upon a director or officer of Buckskin. .........................32

(l)     When personal jurisdiction is lacking for any reason, any default judgment obtained may be attacked as invalid under CPLR 317.........................................32

1.     It is undisputed that no personal service of the Summons and Complaint were made on an officer or director or employee or attorney of Buckskin prior to the entry of a default judgment as required by CPLR 317...................................32

2.     The lack of personal service and the presence of a meritorious defense requires that the default and foreclosure judgments be vacated. .........................32

3.     Buckskin has shown a meritorious defense. ...............................................33

(m) The bankruptcy court's ruling that the name of the non-existent Board could have been changed to the name of Buckskin's contract partner is contrary to New York precedent. Furthermore any such change would nullify the original complaint and require the service of an amended complaint in the manner of a summons thereby *ipso facto* causing vacatur........................................................34

1.     The lower court ruled incorrectly that the state court could have permitted an amendment of the complaint to substitute in the real party in interest............34

2.     CPLR 3025(d) requires that when the caption is amended the amending pleadings must be served anew which the defendant may answer. .....................35

3.     The Notices of Lien that were foreclosed in the state court action were invalid as they were filed with the County Clerk on behalf of a non-existent entity, the Board, in violation of Penal Law § 175.30, a misdemeanor that punishes filings containing false facts with public offices..................................36

4.     Buckskin by its default could not make an intentional waiver of the non-existence of the plaintiff as the court incorrectly determined. .............................36

5.     The rule of waiver does not extend to a plaintiff's failure to state a cause of action..................................................................................................................38

6.     CPLR 3215(b) is not nullified by an inquest not preceded by notice to a defaulting defendant served personally, or by substituted service or by conspicuous notice..................................................................................................39

IV.    Conclusion ................................................................................................41

**Table of Authorities**

**Cases**

183 Holding Corp. v. 183 Lorraine St. Assocs., 251 A.D.2d 386, 386–87(2 Dept. 1998) ...............................................................................................11

442 Decatur St., LLC v. Spheres Realty, Inc., 14 A.D.3d 535, 535–36 (2 Dept. 2005) ...............................................................................................27

442 Decatur St., LLC v. Spheres Realty, Inc., 14 A.D.3d 535, 536 (2 Dept. 2005) ...............................................................................................23

Am. Metal Climax, Inc. v. Seaboard Die Casting Corp., 43 Misc. 2d 781, 782(Sup. Ct. 1964) ...........................................................................................35

AmBase Corp. v. Davis Polk & Wardwell, 8 N.Y.3d 428 (2007) .........................14

Animazing Entm't, Inc. v. Louis Lofredo Assocs., Inc., 88 F. Supp. 2d 265, 268 (S.D.N.Y. 2000)........................................................................................36

Ass'n for Pres. of Freedom of Choice, Inc. v. Nation Co., 13 N.Y.2d 856 (1963) .22

Ass'n for Pres. of Freedom of Choice, Inc. v. Nation Co., 13 N.Y.2d 856, (1963) 23

Berlin v. New Hope Holiness Church of God, Inc., 93 A.D.2d 798, 801–02, (2 Dept. 1983) ...........................................................................................25

Bernstein v. Oppenheim & Co., P.C., 160 A.D.2d 428, 434 (1 Dept. 1990) ..........18

Bonnie & Co. Fashions v. Bankers Tr. Co., 945 F. Supp. 693, 726 (S.D.N.Y. 1996), disagreement on other grounds, TVT Records v. Island Def Jam Music Grp., 412 F.3d 82 (2d Cir. 2005) ..............................................................28

Brandenberg v. Tirino .......................................................................................12

Brandenberg v. Tirino, 59 Misc. 2d 630, 632,(Sup. Ct. 1969), aff'd, 34 A.D.2d 737(1970)..................................................................................................40

Capogrosso v. Lecrichia, No. 07 CIV. 2722 (BSJ), 2010 WL 2076962, at *8 (S.D.N.Y. May 24, 2010.............................................................................11

Cecelia v. Colonial Sand & Stone Co., Inc., 85 A.D.2d 56, 57–58 (3 Dept.1982) 33

Chapman v. Brooks, 31 N.Y. 75, 80 (1865) .......................................................28

Conklin v. Owen, 72 A.D.3d 1006, 1007 (2 Dept. 2010)......................................18

Cukierwar v. Coll. Cent. Network, Inc., 148 A.D.3d 983, 984 (2 Dept. 2017) ......30

Cutting Room Appliances Corp. v. Finkelstein, 33 A.D.2d 674, 674 (1 Dept. 1969) ...............................................................................................28

Del Med. Imaging Corp. v. CR Tech USA, Inc., No. 08 CIV. 8556 LAP DFE, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010).....................................31

Deutsche Bank Nat. Tr. Co. v. McRae, 27 Misc. 3d 247, 252 (Sup. Ct. 2010) ......37

Dubreus v. N. Shore Univ. Hosp., No. 12 CV 940 DRH GRB, 2012 WL 5879110, at *4 (E.D.N.Y. 2012)..............................................................................27

Dweck Law Firm, LLP v. Mann, 283 A.D.2d 292, 293 (1 Dept. 2001) .................13

Elisa Dreier Reporting Corp. v. Glob. Naps Networks, Inc., 84 A.D.3d 122, 127 (2 Dept. 2011) ..........................................................................................................38

Empire Merchants, LLC v. Reliable Churchill LLP, No. 16CV5226ARRLB, 2017 WL 7411167, at *2 (E.D.N.Y., 2017) ......................................................................8

England v. Feldman,  2011 WL 1239775, at *3 (S.D.N.Y.  2011) .........................16

F.D.I.C. v. U.S. Mortg. Corp ....................................................................................38

F.D.I.C. v. U.S. Mortg. Corp., 132 F. Supp. 3d 369, 379 (E.D.N.Y. 2015 ..............8

Farrauto, Berman, Fontana & Selznick v. Keowongwan, 166 Misc. 2d 804, 810 (City Ct. 1995).........................................................................................................19

Farrauto, Berman, Fontana & Selznick v. Kewwongan 166 Misc.2d 804, 810 (City Ct. 1995) ................................................................................................................37

Farrell v. Housekeeper, 298 A.D.2d 488, 489 (2 Dept. 2002) .................................27

Felice v. St. Agnes Hosp., 65 A.D.2d 388, 394 (2 Dept. 1978) ..............................21

First Nat. City Bank v. Elsky, 62 Misc. 2d 880, 883–84 (Civ. Ct. 1970) ..............40

Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) ..........................................................................................................................8

Goel v. Bunge, Ltd., 820 F.3d 554, 558–59 (2d Cir. 2016)......................................8

Green v. Dolphy Const. Co., 187 A.D.2d 635, 636, (2 Dept. 1992) .......................30

Greene v. Payne, Wood & Littlejohn, 197 A.D.2d 664 (3 Dept. 1993) ........... 21, 22

Hearst Corp. v. Clyne, 50 N.Y.2d 707, 713-14 (1980)................................... 10, 35

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)...............................................10

In Emergency Beacon Corp., 84 B. R. 329, 332 (S.D.N.Y. 1988 .........................27

In re Ladder 3 Corp., 581 B.R. 7, 12–13 (Bankr. E.D.N.Y. 2018)...........................6

In  re  R.A.  Hendrickson  Real  Estate,  Inc.,  395  B.R.  565,  575  (Bankr.  E.D.N.Y. 2008)...................................................................................................................33

Joanne S. v. Carey, 115 A.D.2d 4, 8 (1 Dept. 1986) ..............................................37

Kempf v. Magida, 37 A.D.3d 763, 764(2 Dept. 2007).............................................19

Leber Assocs., LLC v. Entm't Grp. Fund, Inc., No. 00 CIV.3759 LTS MHD, 2003 WL 21750211, at *9 (S.D.N.Y. 2003) ..................................................................24

Little Shoppe Around the Corner v. Carl, 80 Misc. 2d 717, 718–19(Co. Ct. 1975) ........................................................................................................................37

Luckow v. RBG Design-Build, Inc., 156 A.D.3d 1289, 1291 (3 Dept. 2017)........24

MacAffer v. Boston & M. R. R., 268 N.Y. 400, 403 (1935)....................................31

Mantell v. Servidone Const. Corp. 63 A.D. 2d 1071, 1071 (3 Dept. 1978)............41

McCoy v. Tepper, 261 A.D.2d 592, 593 (2 Dept. 1999)........................................19

McGary v. People, 45 N.Y. 153, 159 (1871 .......................................................20

McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) .........................................15

McMullen v. Arnone, 79 A.D.2d 496, 499 (2 Dept. 1981) ....................................32

Miloslavskaya v. Gokhberg, 34 Misc. 3d 1239(A) (Sup. Ct. 2012).......................36

Montgomery v. Metro. Transp. Auth., 25 Misc. 3d 1241(A)(Sup. Ct. 2009). ........19

n re Doctors Hosp. of Hyde Park, Inc., 474 B.R. 576, 595 (Bankr. N.D. Ill. 2012)
....................................................................................................................36

Natale v. Country Ford Ltd., 287 F.R.D. 135, 139 (E.D.N.Y. 2012) .....................12

Neuman v. Greenblatt, 260 A.D.2d 616, 617 (2 Dept. 1999)................................41

Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,
LLP, 322 F.3d 147, 158 (2d Cir. 2003)......................................................17

Patel v. MacArthur, 137 Misc. 2d 104, 109 (City Ct. 1987) .................................27

People v. S. E-W., 13 Misc. 3d 1050, 1054 (Sup. Ct. 2006)................................28

Pjetri v. New York City Health & Hosps. Corp., 147 Misc. 2d 636, 639–40 (Sup.
Ct. 1990.......................................................................................................35

Plain Dealer Publ'g Co. v. Worrell, 2008-Ohio-4846, ¶ 10, 178 Ohio App. 3d 485,
489, 898 N.E.2d 1009, 1012........................................................................31

Prate v. Freedman, 583 F.2d 42, 48 (2d Cir. 1978) ............................................18

Randel v. Brown, 43 U.S. 406, 424 (1844) ................................................... 34, 36

Recon Car Corp. of New York v. Chrysler Corp., 130 A.D.2d 725, 732 (2 Dept.
1987).............................................................................................................41

Recon Car Corp. of New York v. Chrysler Corp., 130 A.D.2d 725, 732, (2 Dept.
1987).............................................................................................................30

Resurgent Capital Servs., LLC v. Mackey, 32 Misc. 3d 265, 266–67(Dist. Ct.
2011).............................................................................................................34

Rosner v. Paley, 65 N.Y.2d 736, 738 (1985)........................................................17

RPL § 339(s) ........................................................................................................43

Sahu v. Union Carbide Corp., 548 F.3d 59, 68 (2d Cir. 2008)..............................9

Samson Moving, Storage Corp. v. Drake Bus. Sch., No. 13853/2000, 2000 WL
33529056, at *2 (N.Y. Civ. Ct. 2000) ..........................................................11

Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).....................................................9

Thompson v. Seligman, 53 A.D.3d 1019, 1020 (3 Dept. 2008).............................19

United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug.
12, 1992)........................................................................................................7

Wade v. Vill. of Whitehall, 46 A.D.3d 1302, 1304 (3 Dept. 2007 .......................... 40

Ward. V. Petrie (157 N. Y. 301, 311 (1875) ............................................. 38

Washington Heights Child Care Ctr. v. Congregation Beth Hamedresh Hagodol of Washington Heights, Inc., 299 A.D.2d 180, 180–81 (1 Dept. 2002) .................. 31

Wasserman v. Maimonides Med. Ctr., 970 F. Supp. 183, 192 (E.D.N.Y. 1997) .... 26

Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP, 201 B.R. 635, 639 (S.D.N.Y. 1996) ......................................................................... 6

Wells v. Merrill 204 A.D. 596, 698 (3 Dept. 1933) .............................. 25

Wiggins v. Smith, 539 U.S. 510, 526 (2003) ........................................ 20

Wiwa v. Royal Dutch Petroleum Co. ................................................ 38

Wiwa v. Royal Dutch Petroleum Co., No. 01 CIV. 1909 KMWHBP, 2009 WL 464946, at *5 (S.D.N.Y. Feb. 25, 2009) .......................................... 37

Zarin v. Reid & Priest, 381 (App. Div. 1st Dep't 1992) ......................... 13

## Statutes

BCL § 202 ................................................................................. 23

BCL § 202(b) ............................................................................. 2

BCL §§ 402, 403 ......................................................................... 1

BCL §§ 402, 403 ............................................................. 3, 10, 25, 42

BCL 202(b) ............................................................................... 43

Business Corporation Law § 202 (b) ................................................ 20

CPLR § 2001 ............................................................................. 35

CPLR § 5019 ............................................................................. 35

CPLR 2001 ................................................................. 11, 34, 43

CPLR 3015(b) ........................................................................... 2

CPLR 3015)(b) ........................................................................... 15

CPLR 3025 ............................................................................... 18

CPLR 3025(d) .................................................................. 35, 44

CPLR 317 ................................................................................. 32

CPLR 3211 (a)(7) ....................................................................... 39

CPLR 3211(a)(2) ....................................................................... 39

CPLR 3211(a)(3) ............................................................. 17, 37, 39

CPLR 3211(a)(7) ....................................................................... 25

CPLR 5015 (a)(3) ....................................................................... 39

CPLR 5015(a) ........................................................................... 25

CPLR 5015(a) (3)........................................................................39
CPLR 5015(a)(4).........................................................................39
CPLR 5019(a) ............................................................. 11, 34, 43
FRCP 12(b)(6).............................................................. 1, 5, 8, 42
FRCP 56 ..........................................................................................1
N-PCL§ 601(a).............................................................................24
Penal Law § 175.30......................................................................36
RPL § 339 (z)(aa)........................................................................24
RPL § 339(a)(zz ..........................................................................16
RPL § 339(n)................................................................................33
RPL § 339(z) and aa....................................................................33
RPL § 339(zz)(a) ................................................................. 10, 12
RPL § 339. ............................................................................ 23, 44
RPL § 339-i 2, 4, 5.......................................................................24
RPL §§ 339 (zz)(a).......................................................................12

## Regulations

DR 6-101A.2 ...................................................................................2
EC 7-5 .............................................................................................1
EC 7-7. ............................................................................................3

# I.    Overview

The bankruptcy court committed several errors in this adversary proceeding that merit reversal and a remand requiring the filing of an answer to Plaintiff/Appellant Buckskin Realty, Inc. (Buckskin) the legal malpractice complaint by Defendants/Appellees Mark D. Greenberg and Greenberg & Greenberg (the Greenbergs).

These court errors are:

(a)    Mis-using summary judgment standards under FRCP 56 to examine the entire record to adjudicate a motion to dismiss under FRCP 12(b)(6) where only the pleadings may be examined.

(1)    Failing to give every favorable inference to Buckskin's arguments opposing dismissal for failure to state a cause of action.

(2)    Grounding the Decision to grant the Greenbergs' 12(b)(6) motion to dismiss the complaint in documents outside of the pleadings.

(b)    Overlooking the fundamental responsibility of the Greenbergs' to do research to uncover all of the absolute, real and affirmative defenses that could have been asserted to defeat the state court plaintiff's foreclosure proceeding and then inform and discuss with Buckskin each argument that could be asserted to obtain the vacatur or dismissal of the foreclosure proceeding and then following Buckskin's election to pursue a course of conduct. EC 7-5.

The Greenbergs' lack of research included:

(1)    Failing to check the records of the New York Secretary of State (NYSOS) to learn that the state court plaintiff corporation, "The Board of Directors of the Windmont Homeowners Association, Inc. on behalf of the unit owners" (the Board)," failed to pay for a certificate under Business Corporation Law (BCL) § 402 without which the Board could not sue in the Supreme Court in Greene County for failure to comply with BCL §§  402, 403.

1

(c)     The lower Court also erred by:

1.     Arbitrarily refusing Buckskin's request to take judicial notice of the website of the NYSOS and thereafter making a determination that the state court plaintiff was non-existent under New York law.

2.     Mis-ruling that Buckskin as the client was not in ultimate control of the litigation and that the Greenbergs were free to choose an argument to pursue without researching all other available arguments and informing Buckskin of each and every argument that could be asserted to **mandate** vacatur or dismissal of the foreclosure proceeding without being subject to the discretion of the court. The court ignored that under the Disciplinary Rules an attorney and his client must discuss all available arguments that could be made and decide upon a course of action to be implemented by the attorney.

3.     Mis-ruling that the Board, a non-existent corporation in New York, and the real party in interest, an incorporated homeowners association were one in the same ignoring that under BCL § 202(b) that no corporation can have 2 names.

(d)     The bankruptcy court also erred by not finding that the Greenbergs failed to handle Buckskin's legal matter without preparation adequate in the circumstances. DR 6-101A.2.

1.     Failure to check the NYDOS website, *ab initio,* to determine the statutory inability of the state court plaintiff to sue in any court of the state of New York under BCL § 403 for failing to obtain the certificate required by § 402.

2.     Ignoring the telltale in the Board's complaint that the state court plaintiff was ineligible to sue in New York because of the absence of a representation that it was in conformity with CPLR 3015(b): "Where any party is a corporation, the complaint shall so state and, where known, it shall specify the state, country or government by or under whose laws the party was created."

3.      Not detecting that the Board's state court complaint contained **no monetary demand** thereby preventing, as a matter of law, the entry of a default foreclosure judgment for $58,389.11.  ECF 15-7 in AP 1-15-01004-nhl.

4.      Not objecting to the lack of **personal** service of the Board's motion for a reference to compute after default judgment was entered.  Personal service of a motion for a reference is required after a default in appearing, and absent which, the state court lacks jurisdiction based on the Referee's determination to enter a monetary judgment.

5.      Failing to object that no required amended complaint was served after the monetary demand was increased as a result of the reference to compute.[1]  Service of an amended complaint would have nullified the original complaint and the default and give Buckskin the right to file a timely responsive pleading.

6.      Failing to bring to the state court's attention that a corporation not existing under New York law **cannot hold title** to New York real property thereby **making the remedy of a foreclosure unavailable** to the Board, a putative corporation that was and is non-existent by failure to comply with BCL §§ 402, 403.

7.      Failing to argue that the homeowners association, the real party in interest, cannot appear, under binding precedent, by a representative entity.

(e)    The Court mis-ruled that the Greenbergs were able to choose the argument to vacate the judgments.

The Court overlooked that …"the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on the lawyer."   EC 7-7.

---

[1]      This assumes, *arguendo*, that the motion for a reference was properly noticed, which it was not.

(f)     The bankruptcy court also erred by abandoning the role of neutral arbiter and making arguments on behalf of the Defendants/Appellees and then ruling in their favor based on finding the Court's own arguments to be persuasive.

## II.     Relevant facts

Buckskin purchased two 5 acre lots after a tax foreclosure from the Treasurer of Greene County in October 2010.   Title was delivered free of all liens as is universally true with all purchases of land foreclosed in a tax sale by Greene County.

In July 2011 a putative corporation not existing under the laws of New York filed a foreclosure proceeding against Buckskin seeking to enforce liens that it had filed with the Clerk of Greene County **prior** to the Treasurer's sale to Buckskin.

The complaint made no monetary demand.

Buckskin did not appear.  A default judgment was entered and subsequently a default foreclosure judgment for $58,389.11.  ECF 15-7 in AP 1-15-01004-nhl.

After the default judgment was entered, the Board moved for a reference to increase the amount of the demand in the complaint, zero.

The Board ignored the requirement that a notice of reference must be personally served upon a defendant that defaulted.  It cannot be mailed.

The Board also ignored the statute that mandates a monetary limitation on a matter referenced to be proven. "The judgment **shall not exceed in amount** or differ in type **from that demanded in the complaint** or stated in the notice served pursuant to subdivision (b) of rule 305." [Emphasis added.] CPLR 3215(b).  As the amount demanded in the complaint was zero, the determination by the Referee that was used to enter a foreclosure judgment for  $58,389.11 was a plain error.

The proof of facts affidavit accompanying the said motion for a reference only sought from Buckskin assessments for the year 2012. This was an amount in the hundreds of dollars.

The proof of facts affidavit also asserted that prior assessments were the obligation of the grantor of the deed to Buckskin, *i. e.*, the Treasurer of Greene County.

Nonetheless the Referee calculated assessments that allegedly reached back to 2004.

A foreclosure judgment was entered for $58,389.11.

Buckskin engaged the Greenbergs to vacate the default judgment or dismiss the proceeding.

The sole relief sought by the Greenbergs was to vacate the default on the grounds of a reasonable excuse for defaulting and the existence of a meritorious defense.

The state court exercised its discretion to find a lack of a reasonable excuse and did not reach the merits.

Buckskin filed a Chapter 11 Petition on January 8, 2013 and filed an adversary proceeding against the Greenbergs on December 26, 2015.

The Greenbergs filed a motion to dismiss for failure to state a cause of action under FRCP 12(b)(6). The motion was granted.

Buckskin filed a motion for reconsideration that was granted. Upon reconsideration, the Court concluded that it had indeed overlooked 3 salient arguments set forth in Buckskin's opposition to the motion for dismiss and therefore granted reconsideration.

Nonetheless the Court affirmed its Decision to dismiss.

Buckskin filed a second motion for reconsideration of the Order affirming dismissal.   That motion was denied.

This appeal ensued.

### III. Legal authority for this appeal.

This is a non-core case involving attorney malpractice in a state court action in which the attorneys' services ended prior to the filing of the Chapter 11 Petition.

> "… non-core proceedings "involve disputes over rights that … have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case." *J. Baranello & Sons, Inc. v. Baharestani (In re J. Baranello & Sons, Inc.),* 149 B.R. 19, 24 (Bankr.E.D.N.Y.1992)
>
> Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP, 201 B.R. 635, 639 (S.D.N.Y. 1996)
>
> . The bankruptcy court may hear such proceedings, but may not enter final judgment absent consent of the parties; rather, pursuant to 28 U.S.C. § 157(c)(1), "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after *13 considering the bankruptcy judge's proposed findings and conclusions...." 28 U.S.C. § 157(c)(1).
>
> In re Ladder 3 Corp., 581 B.R. 7, 12–13 (Bankr. E.D.N.Y. 2018)

Buckskin respectfully seeks that this Court conduct a *de novo* review of the findings of the bankruptcy court and its conclusions of law.

> …any decision a bankruptcy court makes in a non-core proceedings is subject to de novo review by the district court. 28 U.S.C. § 157(c)(1); *see also, e.g., Orion Pictures,* 4 F.3d at 1101.
>
> *Id.*

Buckskin seeks review of arguments made in the bankruptcy court and any argument to that issue that it could have raised.

> "By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. **It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate.** " [Emphasis added.}
>
> United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), as amended (Aug. 12, 1992)

Buckskin respectfully requests that this Court under Fed. R. Evid. 201(b)(2) take judicial notice of the adjudicative fact that the Plaintiff Board in the state court proceeding failed to comply with BCL §§ 402, 403 and therefore was and is unauthorized to sue in the Supreme Court of New York in Greene County.

Buckskin relies upon Rule (c) (2) that this Court must take judicial notice if a party requests it and the court is supplied with the necessary information. The website of the NYSOS is: https://www.dos.ny.gov/corps/bus_entity_search.html.

Under Rule (d) that the court may take judicial notice at any stage of the proceeding.

Buckskin respectfully requests that this Court consider all alleged fundamental errors of law regardless of whether they were objected to below.

## IV.    Argument

**(a) The Order granting dismissal of Buckskin's complaint must be reversed as the court improperly considered documents outside of the pleadings on a FRCP 12(b)(6) motion to dismiss for failure to state a cause of action.**

**1.    The Court erred in formulating its Decision based on its interpretation of contents of the state court decision, not attached to Buckskin's complaint, thereby improperly adjudicating the motion to dismiss as if it were a summary judgment motion under FRCP 56.**

The Greenbergs sought a FRCP 12(b)(6) dismissal of the adversary proceeding on the ground of failure to state a cause of action. ECF No. 17, pp. 2, 4, 14, 16, 19.

The bankruptcy court improperly adjudicated their motion to dismiss using a summary judgment standard. The state court decision was closely examined:

[the] "argument that the Board did not exist was directly contrary to the State Court's findings about the Board's valid actions under the Declaration and its ability to act on behalf of Windmont." ECF No. 63, p. 8.

The bankruptcy court relied extensively on the state court decision, an exhibit to the Greenbergs' motion, which was not a document integral to the framing of the complaint. ECF No. 18, Exhibit "E." This was an egregious error of law as in a motion to dismiss for failure to state a cause of action only the complaint is to be analyzed unless there are exhibits annexed thereto of which there were none. F.D.I.C. v. U.S. Mortg. Corp., 132 F. Supp. 3d 369, 379 (E.D.N.Y. 2015)

It was error to go outside Buckskin's complaint and rely on the Greenbergs' Memo of Law, a non-pleading, as occurred. ECF No. 50, pp. 2, 3.

"A district court errs when it ... relies on factual allegations contained in legal briefs or memoranda ... in ruling on a 12(b)(6) motion to dismiss."); Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988).

On a motion to dismiss only the facts stated on the face of Buckskin's complaint, which had no exhibits, should be considered. Goel v. Bunge, Ltd., 820 F.3d 554, 558–59 (2d Cir. 2016).

A defendant's submissions may not be considered. Empire Merchants, LLC v. Reliable Churchill LLP, No. 16CV5226ARRLB, 2017 WL 7411167, at *2 (E.D.N.Y., 2017)

The Court erred by basing its Decision on the **state court decision** that was not appended to the complaint but mentioned therein only for reasons of timeline and plausibility (Twombly) and not as extrinsic evidence incorporated into the complaint as support.    ECF No. 1, ¶ 21.  See, <u>Sahu v. Union Carbide Corp.</u>, 548 F.3d 59, 68 (2d Cir. 2008) (referenced material should be viewed as enhancing plausibility to comply with <u>Twombly</u> and not integral to the complaint).

> "Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint."
>
> <u>Sira v. Morton</u>, 380 F.3d 57, 67 (2d Cir. 2004)

Yet the state court decision, ECF No. 18-1, pp. 1, 3, 9, 11, 12 is referred to in the bankruptcy court's Decision, ECF No. 50.  Also, The references to ECF 18-1 are incorporated by reference in this court's  Decision, ECF No. 63, by references to ECF No. 50, pp.  2, 7, 8  and Fn 1, 2, 3, 4, 5.

In sum, the bankruptcy court erred by using a summary judgment standard to adjudicate the Greenbergs' motion to dismiss.

**2.       The Decision on 12(b)(6) grounds erred by making rulings as to a non-party in the state court proceeding, the homeowners association.**

In justifying its Decision, ECF No.  50, the bankruptcy court found without any citation to authority that the Board, a non-existent entity under New York law, could properly act on behalf of the homeowners association with which Buckskin had a contract.  ECF No.  63, p. 9.

This went far beyond the scope of adjudicating a 12(b)(6) motion and was erroneously speculative in the absence of any evidence.

**(b)       The bankruptcy court failed to follow the rule that when adjudicating a motion to dismiss under 12(b)(6), every factual allegation must be treated as true and every favorable inference must be given to the plaintiff.**

Buckskin's complaint alleged facts. ECF No. 53-1, p. 4. When taken as true with all reasonable inferences therefrom in favor of Buckskin, denial of the motion to dismiss is required. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Buckskin's principal factual allegations are the legal inability of the Board to file suit in the Supreme Court of Greene County, New York because of:

**(i)** its non-registration with the New York Secretary of State as required by BCL §§ 402, 403;

**(ii)** the non-existence in any jurisdiction;

**(iii)** the inability of other than a recorded condominium as defined in RPL § 339(s)(2) to file and foreclose liens under RPL § 339(zz)(a) as plaintiff did unlawfully.

The bankruptcy court Decision states: "*[d]espite repeated claims that the Board has no legal existence, the Court is not required to accept as true the legal consequences of this fact.*" ECF No. 63, pp. 8-9.

This statement completely contradicts the rule to be used in deciding a 12(b)(6) motion to accept all allegations as true and to give the plaintiff the benefit of every inference. A non-existent corporation cannot contract or appear in any court as it has no rights that a court can determine. Hearst Corp. v. Clyne, 50 N.Y.2d 707, 713-14 (1980).

**(c)    Buckskin respectfully asks this Court, under CPLR 4511(b), to take judicial notice of the records of the NYSOS that the Board is not a registered or recorded corporation.**

The records may be found online at the website of the NYSOS:
          https://www.dos.ny.gov/corps/bus_entity_search.html

This Court can readily determine that the Board is omitted from the official list of registrants.

Thus Buckskin has done what was needed to meet its evidentiary burden to establish that but for the Greenbergs' negligence, it would still have title to its real property. Capogrosso v. Lecrichia, No. 07 CIV. 2722 (BSJ), 2010 WL 2076962, at *8 (S.D.N.Y. May 24, 2010 relying upon *AmBase Corp. v. Davis Polk & Wardwell,* 8 N.Y.3d 428.

A court may take judicial notice of the records of the Secretary of State. Samson Moving, Storage Corp. v. Drake Bus. Sch., No. 13853/2000, 2000 WL 33529056, at *2 (N.Y. Civ. Ct. 2000)

It is undisputed that the record is bare of any evidence of the existence of the Board as an entity registered or recorded by NYSOS as possessing a BCL § 402 certificate as required by§ 403. The certificate and DOS number are missing from the state government's records and the non-existence of the Board as a New York corporation must be presumed from their absence.

> "**A New York corporation does not exist until it complies with Business Corporation Law 403**. An entity not doing so, is a "purported entity which 'cannot * * * acquire rights by contract or otherwise' " (*see, Kiamesha Development Corp. v. Guild Properties,* 4 N.Y.2d 378, 389, 175 N.Y.S.2d 63, 151 N.E.2d 214, quoting 18 CJS, Corporations, § 88). " [Emphasis added.]
>
> 183 Holding Corp. v. 183 Lorraine St. Assocs., 251 A.D.2d 386, 386–87(2 Dept. 1998)

**(d)    The bankruptcy court improperly advocated arguments on behalf of the Greenbergs and then ruled on the court's own arguments in favor of the Greenbergs.**

The Decision cites to CPLR 2001 and 5019(a) as possible authority for the state court to have granted plaintiff substitution in the caption (which was never requested). ECF No. 63, p. 9. CPLR 2001 and CPLR 5019(a) are not listed in the Greenbergs' Table of Authorities in their memo of law in support of their motion to dismiss. ECF No. 17.

Furthermore, substitution of a party requires the service of an amended complaint. <u>Natale v. Country Ford Ltd.</u>, 287 F.R.D. 135, 139 (E.D.N.Y. 2012)

Any amended complaint nullifies the original complaint and default judgment; service must be made anew and the defendant may respond. <u>Brandenberg v. Tirino</u>, *supra*. ECF 15-7 in AP 1-15-01004-nhl.

Furthermore an amendment of the Board's complaint to substitute the homeowner association as plaintiff would have been futile since only a recorded condominium could file and foreclose liens under RPL § 339(zz)(a). ECF 15-7 in AP 1-15-01004-nhl. A member owned association existing as a corporation is not a condominium.

Thus the stated object of the Board's complaint, to foreclose the Notices of Lien recorded with the Clerk of Greene County, could not be heard from an entity other than a recorded condominium. ECF 15-7 in AP 1-15-01004-nhl.

The lien filed with the Greene County Clerk was in the name of the Board, which purported to be eligible to file a Notice of Lien under RPL §§ 339 (zz)(a). ECF 37-2 in AP 1-15-01203 nhl.

**(e)    The Greenbergs "immunity defense" that they could unilaterally choose one affirmative defense over another fails when they did not research and inform Buckskin of other alternatives as it is the client's right to control the litigation.**

**1.    Quickly picking one defense and eschewing research cannot be justified by an immunity defense to legal malpractice.**

The Greenbergs alleged that they were **immune** to a malpractice claim of failing to make other dispositive and complete defenses because they acted reasonably by asserting the affirmative defense of excusable default and meritorious defense. ECF No. 17, pp.  3-4.   This defense is subject to the discretion of the Court.

When absolute and real defenses abound that mandate dismissal or vacatur, it is malpractice to eschew them and prefer a defense that can be discretionarily denied.

This immunity defense has never been held to legally excuse the failure to do fundamental legal research and develop/make all cognizable dispositive arguments to vacate a default judgment or dismiss. Unsurprisingly no authority was presented for the bizarre proposition of the Greenbergs that was adopted by the bankruptcy court.

**2.      The Greenbergs breached their duty to Buckskin to conduct thorough legal research thereby committing malpractice causing Buckskin to lose title to two 5-acre lots through foreclosure.**

They breached their duty to conduct legal research and inform the client of the choices presented by the research, before filing a motion to vacate.

In order to prevail in an action for legal malpractice, the plaintiff must plead factual allegations which, if proven at trial, would demonstrate that counsel had breached a duty owed to the client, that the breach was the proximate cause of the injuries, and that actual damages were sustained. <u>Dweck Law Firm, LLP v. Mann</u>, 283 A.D.2d 292, 293 (1 Dept. 2001) citing to <u>Franklin v. Winard</u>, 199 A.D.2d 220 (1 Dept. 1993).

The Greenbergs breached their duty to uncover that the Board did not exist and therefore Buckskin could not have breached any contract with the Board warranting Buckskin's actual loss of title to its real property by reason of an alleged breach of a non-existing contract between Buckskin and the Board.

**3.      The only precedent cited by the bankruptcy court to deny relief to Buckskin actually favors Buckskin.**

The court cited to an inapposite case, <u>Zarin v. Reid & Priest</u>, 381 (App. Div. 1st Dep't 1992)).   Decision 7, ECF No. 50 and Decision 3, ECF No. 63.

The Decision misreads <u>Zarin</u> as holding that the choice of <u>any</u> defense by an attorney prevents a malpractice claim. That is only so if the complaint's **only** allegation of malpractice is that in hindsight the attorney made a bad choice of known defenses.

<u>Zarin</u> does not excuse the need for an attorney to do legal research.

The complaint against the Greenbergs does not allege that a bad choice was made. It alleges that no choice was made. Only one defense was ever considered. Their failure to conduct fundamental research; the uncovering of reasons for vacatur and dismissal apparent from the face of the Board's complaint; and, the failure to discuss the legal implications of these revelations with Buckskin so it could exercise a client's right to direct the course of litigation, was malpractice. Buckskin Complaint, ECF No. 1.

<u>Zarin actually </u>instructs that in determining a malpractice claim "t]he test is "whether a proper 'defense would have altered the result of the prior action." *Id.*

This is consistent with the Court of Appeals which instructs that: "[i]n order to sustain a claim for legal malpractice, a plaintiff must establish ... the plaintiff would have succeeded on the merits of the underlying action 'but for' the attorney's negligence."). <u>AmBase Corp. v. Davis Polk & Wardwell</u>, 8 N.Y.3d 428 (2007)

If the Greenbergs had argued that an unregistered corporation or unrecorded condominium cannot sue in a New York court; and that the Board could not state a claim for breach of contract, or any other claim, and cannot be heard by reason of the lack of a real controversy for which adjudication is being sought by a real party in interest, dismissal would have been mandatory.

**4.    The Court erred by ruling that the Greenbergs were entitled to an "immunity-type" defense when an absolute/real defense mandating dismissal appears on the face of the Board's complaint.**

There are facts on the face of the Board's complaint against Buckskin defeat an immunity defense that a reasonable excuse for defaulting and a meritorious defense is the best argument for vacatur.   ECF 15-7 pp.  3-4 in AP 1-15-01004-nhl.

> Of course, a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept **the more stringent standard** applicable to this procedural route. **Not only must the facts supporting the defense appear on the face of the complaint,** *see Pani,* 152 F.3d at 74, but, as with all Rule 12(b)(6) motions, the motion may be granted only where **"it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."** *Citibank, N.A. v. K–H Corp.,* 968 F.2d 1489, 1494 (2d Cir.1992). Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, **but also those that defeat the immunity defense.** [Emphasis added.]

> McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004)

The immunity defense is defeated by the lack of a representation, as required by CPLR 3015)(b), that the Board is a valid New York corporation:

> "Where any party is a corporation, the complaint shall so state and, where known, it shall specify the state, country or government by or under whose laws the party was created."

> CPLR 3015(b)

**5.     The bankruptcy court misconstrued Buckskin's complaint to allege that the Greenbergs selected the wrong choice among several reasonable affirmative defenses.**

It could hardly be argued that the Greenbergs are off the hook because they made a reasonable choice to go with a defense addressed to the discretion of the state court while completely ignorant of multiple easily researched dispositive arguments requiring vacatur and/or dismissal with prejudice as a matter of law.

The complaint against the Greenbergs does not solely allege a wrong choice argument as the only shortcoming.  ECF No. 1.  Yet the court ruled as if this were the complaint's **only** claim.   ECF No. 63, pp. 3, 7, 8, 11.

Buckskin alleged malpractice because of:

* the failure to do legal research.  ECF No. 1, ¶ 35.

* their failure to detect the lack of corporate existence of the plaintiff,  ¶¶ 34, 36, 37

*  the lack of a real plaintiff in law, . ¶ 38.

*  the failure to argue that the Board could not utilize RPL § 339(zz)(a)) to file Notices of Lien with the Greene County Clerk.  ECF No. 1., ¶¶ 47-52.

Because of their failure to do the research customarily done by a conscientious attorney, none of the 3 dispositive defenses were even known to the Greenbergs.  They therefore could not have decided to eschew these and make an informed choice of an affirmative defense as the lower court mistakenly determined. Buckskin's legal malpractice complaint is grounded in the failure of the Greenbergs to conduct legal research into the bona fides of the plaintiff.    ECF No. 1,  ¶¶ 12, 35, 42, 52.  They failed to uncover 3 arguments requiring dismissal or vacatur.

Buckskin in framing its complaint against the Greenbergs, ECF No. 1, followed the instruction in <u>England</u>, *infra*, that the Greenbergs' conduct *"fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession."*

> To establish negligence in a legal malpractice action, a plaintiff must allege facts that show that the attorney's conduct <u>"fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession."</u> *Achtman,* 464 F.3d at 337 (citing *Grago v. Robertson,* 370 N.Y.S.2d 255 (N.Y.App.Div.1975)"

> <u>England v. Feldman</u>,  2011 WL 1239775, at *3 (S.D.N.Y.  2011)

>  "Plaintiffs' allegations are sufficient to plead a claim for legal malpractice in New York as they allege facts tending to show attorney negligence by Defendants and

that Defendants' negligence is the proximate cause of the damage Plaintiffs'
suffered."
*Id.*

Thus the Decision attacks an argument Buckskin did not make and ignores the allegations that Buckskin did make. The Order it supports should be reversed.

In a state court, questions of law can be examined to determine if a cause of action has been stated upon which relief may be granted. "Whether a pleading is sufficient to state a cause of action for legal malpractice may pose a question of law determinable on a motion to dismiss." <u>Rosner v. Paley</u>, 65 N.Y.2d 736, 738 (1985).

But the question of law must be on the face of the complaint such as statute of limitation and statute of frauds.

> "Finally, a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense **"if the defense appears on the face of the complaint."** [Emphasis added.]
>
> <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 158 (2d Cir. 2003)

The face of Buckskin's complaint against the Greenbergs does not contain the reasoning for the putative affirmative defenses discarded by the Greenbergs (waiver of its right to seek dismissal pursuant to CPLR 3211(a)(3); agreement with the homeowners association (but not the plaintiff Board) re: past due assessments; objection to plaintiff's capacity to sue be raised in a pre-answer motion or answer. ECF 50, p. 8. Nor does the Greenbergs' Memo of Law in support of its motion to dismiss. ECF 17.

The Court provided this input effectively acting as an advocate for the Greenbergs.

The bankruptcy court did not rule that Buckskin failed to set forth all of the elements of legal malpractice in the context of failure to do legal research or discuss all alternatives with Buckskin. It is bedrock law that the client controls the litigation.

"...the authority to make decisions is exclusively that of the client and, if made within the framework of the law, such decisions are binding on the lawyer.").

Prate v. Freedman, 583 F.2d 42, 48 (2d Cir. 1978)

The bankruptcy court mis-ruled that this did not matter since because the **Greenbergs had chosen a strategy** which gave them complete immunity against a malpractice claim. ECF No. 50, pp. 7, 8. The ultimate authority of a client to direct its litigation after being thoroughly informed by its attorney was ignored.

Only a very narrow fact pattern will support a ruling of reasonable choice and that is when a complaint's **sole** claim of malpractice is that the attorney chose the wrong strategy. Bernstein v. Oppenheim & Co., P.C., 160 A.D.2d 428, 434 (1 Dept. 1990) (seeking injunction rather than appointing receiver).

That circumstance was not present herein. Buckskin argued that the Greenbergs failed to do legal research based on questions raised on the face of the complaint (e. g., non-compliance with CPLR 3025 to aver registration with the Department of State) and afterwards discuss with Buckskin the implications of the research as to alternative strategies.

As underlying every motion is some choice of legal strategy, the ruling in the Decision that **any** strategy will do would make it practically impossible to ever succeed in a malpractice claim since every attorney filing papers advances some choice of strategy.

The failure to conduct adequate legal research is a common verdict.

"An attorney may be liable for ignorance of the rules of practice, for failure to comply with conditions precedent to suit, for neglect to prosecute or defend an action, **or for failure to conduct adequate legal research**." [Emphasis added.]

Conklin v. Owen, 72 A.D.3d 1006, 1007 (2 Dept. 2010)

The use in <u>Conklin</u> of the disjunctive word "or" preceding "adequate legal research" should be noted. The failure to research is a stand-alone valid malpractice claim.

Also see, <u>McCoy v. Tepper</u>, 261 A.D.2d 592, 593 (2 Dept. 1999); <u>Kempf v. Magida</u>, 37 A.D.3d 763, 764(2 Dept. 2007)

The Greenbergs failed their responsibility and duty to investigate and prepare every phase of Buckskin's case based on that investigation.

> "Unquestionably, **"[a]n attorney has the responsibility to investigate and prepare every phase of his or her client's case"** (*Brady v. Bisogno & Meyerson,* 32 A.D.3d 410, 410, 819 N.Y.S.2d 558 [2006], *lv. denied* 7 N.Y.3d 715, 826 N.Y.S.2d 181, 859 N.E.2d 921 [2006] ). **We find as a matter of law that defendants owed such duty to plaintiff here."** [Emphasis added.]
>
> <u>Thompson v. Seligman</u>, 53 A.D.3d 1019, 1020 (3 Dept. 2008)
>
> "An attorney engaged to vacate a default judgment, has a "duty to discover readily available information" that would require vacatur."
>
> <u>Farrauto, Berman, Fontana & Selznick v. Keowongwan</u>, 166 Misc. 2d 804, 810 (City Ct. 1995)

The bankruptcy court failed its duty to enforce New York law. "Assuredly, compliance with the law is mandatory, not discretionary." <u>Montgomery v. Metro. Transp. Auth.</u>, 25 Misc. 3d 1241(A)(Sup. Ct. 2009).

There is no denial in the record that the Greenbergs failed to investigate whether the Board was registered or recorded with the New York Department of State, that being a pre-condition of filing suit in a New York court.

The Greenbergs mistakenly assumed that the entity with which Buckskin had a contractual relationship, the Windmont Homeowners Association, Inc. (WHA) was the same entity as the state court plaintiff, the "Board of Directors of the Windmont Homeowners Association, Inc. on behalf of the unit owners." An examination of the Summons, Complaint and Notice of Pendency reveals this latter name was used. ECF No.. 18, ¶¶ 7, 8.

19

A corporation of course, cannot have 2 names.  Business Corporation Law §
202 (b), as cited to in ECF No. 1, ¶ ¶ 32, 40.

" (b) No corporation shall do business in New York state under any name, other
than that appearing in its certificate of incorporation, without compliance with
the filing provisions of section one hundred thirty of the general business law
governing the conduct of business under an assumed name."

N.Y. Bus. Corp. Law § 202

"A corporation cannot, except as authorized by law, change its own name, either
directly or by user."

McGary v. People, 45 N.Y. 153, 159 (1871)

But for their failure to do fundamental research as to allegations on the face
of the Board's complaint, the Greenbergs failed to obtain the dismissal to which
Buckskin was entitled as a matter of law.

**6.  There is no limit to the number of arguments that may be asserted
when seeking vacatur or dismissal of a default judgment.**

The Decision ruled that the Greenbergs made a reasonable choice seeking
vacatur on the ground of a reasonable excuse for defaulting and a meritorious
defense.  Dkt. 63.  In effect their failure to do fundamental legal research was
excused.    "The failure to conduct fundamental legal research can never be
excused as a *reasoned strategic judgment*."        Wiggins v. Smith, 539 U.S.
510, 526 (2003)

While vacatur could be sought on a discretionary ground, Buckskin was
entitled to mandatory dismissal on dispositive grounds, *supra.* It is unreasonable,
*per se,* to rely on a possibility of prevailing when certainty may be had for the
asking. Furthermore, all arguments could have been made as there is no limit to the
number of arguments that can be made.

> "A defendant is permitted to set forth in his answer as many defenses and cross claims, or both, as he has and it matters not whether they are consistent or inconsistent (Spaulding v. Hotchkiss, Sup., 62 N.Y.S.2d 151;"

> Felice v. St. Agnes Hosp., 65 A.D.2d 388, 394 (2 Dept. 1978)

As explained in the Overview, the bankruptcy court was misinformed that the Greenbergs knew of the 3 other possible arguments that were found only by attorney Cains in the adversary proceeding initiated a year later.

Either the lack of power to decide the controversy in the absence of a real party in interest and the inability to state a cause of action by the non-owner of a claim, were dispositive and therefore superior to the single argument the Greenbergs addressed to the discretion of the court.

The Greenbergs engaged in malpractice by not researching the law, informing Buckskin of all alternative arguments and then, in consultation with Buckskin, making the best arguments.

**(f)    The bankruptcy court erred by ruling that the Greenbergs made a reasonable choice of considered arguments.**

**1.    Whether a reasonable choice was made by an attorney is not a question of law but is an issue for the trier-of-fact.**

Whether a choice is reasonable cannot be decided on the law in Greene County which is in the Third Department; is up to the trier of fact.

> "Whether malpractice has been committed is ordinarily a factual determination to be made by the jury (*see, Corley v. Miller,* 133 A.D.2d 732, 735, 520 N.Y.S.2d 21; *Grago v. Robertson, supra* )."

> Greene v. Payne, Wood & Littlejohn, 197 A.D.2d 664 (3 Dept. 1993)

This usurped the duty of the trier of fact which in a non-core matter being adjudicated under the supplementary jurisdiction of the district court to apply New York law in an adversary proceeding.   28 USC § 1367

**2.    The choice of arguments evaluated by the bankruptcy court were researched by Buckskin's attorney in the adversary proceeding and not by the Greenbergs.**

The Decision improperly gives credit to the Greenbergs for the work of Buckskin's bankruptcy attorney.    ECF 63.

**(g)    The Board is in no way the alter ego or in privity with the homeowners association that was the only party that contracted with Buckskin and thus the real-party-in-interest.**

**1.    Buckskin contracted with the WHA.**

The Greenbergs breached their duty to Buckskin by failing to assert to the state court the invalidity of the judgment due to the failure to prosecute the action in the name of the WHA, the owner of DOS ID # 1214009 which is the only possible real party in interest in any dispute over assessment amounts.

**2.    The WHA, an incorporated homeowners association, with which Buckskin had a contract, could not sue Buckskin for an alleged breach of that contract other than as plaintiff in its own name.**

It is binding precedent established by the Court of Appeals that an incorporated homeowners association, such as Buckskin's contractual partner, may not sue in the name of a representative, *i. e.* the Board.

> "The Supreme Court, Special Term, New York County, Samuel M. Gold, J., 35 Misc.2d 42, 228 N.Y.S.2d 628, granted motion of the defendants for dismissal of several of the causes and held that **an incorporation association must sue in its own name and not by a representative.**" , 35 Misc.2d 42, 228 N.Y.S.2d 628. [Emphasis added.]
>
> Ass'n for Pres. of Freedom of Choice, Inc. v. Nation Co., 13 N.Y.2d 856 (1963), appeal dismissed.

This holding of and by itself suffices to dismiss the state court complaint and should have been asserted by the Greenbergs.

**3.    The Board's attorneys engaged in misrepresentation to the state court to the extent they purported to represent the homeowners association.**

A homeowners association cannot act through a representative or appoint an agent. <u>Ass'n for Pres. of Freedom of Choice, Inc. v. Nation Co</u>., 13 N.Y.2d 856, (1963).

Furthermore, the Board was a non-existent entity when its attorneys acting without the authority of a client, filed a foreclosure proceeding against Buckskin, and at all times thereafter. The Board could not have contracted lawfully with the homeowners association, the real party in interest, to act on its behalf.
.

> "At the time of the execution of the contract, the plaintiff was a "purported entity" which cannot "acquire rights by contract or otherwise" (*183 Holding Corp. v. 183 Lorraine St. Assoc.,* 251 A.D.2d 386, 673 N.Y.S.2d 745; *see Kiamesha Dev. Corp. v. Guild Props.,* 4 N.Y.2d 378, 389, 175 N.Y.S.2d 63, 151 N.E.2d 214; 18 CJS, Corporations, § 88).

> <u>442 Decatur St., LLC v. Spheres Realty, Inc.</u>, 14 A.D.3d 535, 536 (2 Dept. 2005)

**4.    The Board tried to pass off the fiction that it and the homeowners association were the same legal entity.**

The state court and the bankruptcy court, however, were **hoodwinked** by the attorneys for the non-existent Board to believe that the Board was in fact the homeowners association with which Buckskin had a written contract to pay monthly assessments. But a corporation cannot have 2 names.   BCL § 202.

The attorneys for the non-existent Board,  it is undisputed, presented the Board to the Clerk of Greene County as a fictional condominium contrived for the nefarious purpose of unlawfully filing Notices of Lien for alleged unpaid assessments against Buckskin under RPL § 339(z)(aa). Only registered condominiums can utilize these subsections.  Hence the state court plaintiff was captioned as:

> "The Board of Directors of the Windmont Homeowners Association, Inc. on behalf of the unit owners."

An incorporated homeowners association has "**Members**." N-PCL§ 601(a). The term **"unit owners"** is unique to condominiums. Condominium law. RPL § 339-i 2, 4, 5.

Homeowners associations, unlike recorded condominiums, have no statutory authority, RPL § 339 (z)(aa), to file Notices of Lien for alleged unpaid assessments with county clerks. Nor do they have any common law authority.

**5.      The non-existence of the Board also makes it impossible to state a cause of action for breach of contract as only Buckskin's and the homeowners association have privity.**

The Greenbergs should have determined that the Board was not the contract partner of Buckskin. The WHA was.

> "Generally, a party may not assert  cause of action for breach of contract against a person or entity with whom it is not in privity  [Citations omitted.]

> Luckow v. RBG Design-Build, Inc., 156 A.D.3d 1289, 1291 (3 Dept. 2017)

Because the Board is non-existent any contract that it purports to have with Buckskin is a nullity, void and unenforceable.

> "Thus, if a non-existent corporation purports to enter into a contract, that contract will be void and unenforceable. *See Animazing Entertainment, Inc. v. Louis Lofredo Assocs., Inc.,* 88 F.Supp.2d 265, 270 (S.D.N.Y.2000); *International Sport Divers,* 25 F.Supp.2d at 112–13."

> Leber Assocs., LLC v. Entm't Grp. Fund, Inc., No. 00 CIV.3759 LTS MHD, 2003 WL 21750211, at *9 (S.D.N.Y. 2003)

Given this failure to make a *prima facie* case in the Board's complaint, ECF 15-7 in AP 1-15-01004-nhl. Buckskin had no need to proffer an affirmative defense that was surplusage. The Greenbergs merely needed to present the undisputed facts warranting dismissal and ask that judicial notice be taken of state records available on the internet.

The Decision errs in ruling that the Board may have been  a proper plaintiff referencing the state court decision.    ECF No. 63, p. 6. Referencing a document

outside of the pleadings submitted by the defendant is not allowed in the context of a 12(b)(6) motion.

It was error for the bankruptcy court not to apply CPLR 5015(a) and CPLR 3211(a)(7) and rule that what appeared on the face of the complaint and judicial notice was sufficient for the Greenbergs to detect the non-existence of the Board and on those grounds to move for dismissal of the case.   ECF No. 53-1.

**6.     The deceit of the attorneys appearing for the non-existent Board cannot accrue to the detriment of Buckskin.**

When the bankruptcy court ruled that the state court had accepted the Board as the agent of the homeowners association it was correct.   However, the state court was unaware that the Board had not complied with BCL §§ 402, 403 thereby perpetrating a misrepresentation  upon the state court.

It was malpractice of the Greenbergs not to detect this and inform that state court that non-compliance with BCL §§ 402, 403 deprived it of jurisdiction which is limited by the Legislature to corporate registrants under these statutes.

**7.     The object of the state court proceeding was foreclosure relief that was unavailable as a matter of law to an entity that cannot hold title.**

Foreclosure relief, the object of which is to gain title, is unavailable to a non-existent entity that cannot hold title to real property. Berlin v. New Hope Holiness Church of God, Inc., 93 A.D.2d 798, 801–02, (2 Dept. 1983)

Also see Wells v. Merrill 204 A.D. 596, 698 (3 Dept. 1933) (ECF No. 53-1, pp. 4, 7.

**8.     The state court plaintiff assumed the mantle of a condominium for a nefarious reason.**

Why did the homeowners association not forgo the Notices of Lien and the use of a proceeding and instead file an action **in its own name** simply to collect allegedly overdue assessments by seeking a money judgment?

Because the filing of an action seeking a monetary judgment would not stop Buckskin from selling its lots. Only the filing of Notices of Lien would do that by making Buckskin's title unmarketable. And only recorded condominiums have statutory authority to file Notices of Lien. RPL § 339(z)(aa).

This is why the captioned plaintiff posed falsely as a recorded condominium. Its consequential dirty hands prevents any equitable relief.

**9.** **A non-existent entity cannot state a cause of action on which relief can be granted and cannot benefit from a court's power to decide that is limited to real parties in interest with a real controversy between them.**

Buckskin's Verified Complaint alleged that the Board was a non-existent entity incapable of being a real party in interest and therefore Buckskin was not required to respond and appear in court to play-act a role in a hypothetical controversy.

The record contains no denial of Buckskin's allegation that the Board was and is a non-existent plaintiff. ECF 1.

The lack of opposition to a material argument is usually taken as a concession. <u>Wasserman v. Maimonides Med. Ctr.</u>, 970 F. Supp. 183, 192 (E.D.N.Y. 1997)

Buckskin had a due process right to have the correct name of the plaintiff entitled to collect assessments under the Declaration of Covenants to be stated in the caption of the summons and complaint.

"We hold here today that in order to maintain a respondent's right to due process, petitioning partners suing in a Court of Law must do so in their full, true and proper names and that such names must be contained within the caption of the petition or complaint and/or other appropriate documents."

Patel v. MacArthur, 137 Misc. 2d 104, 109 (City Ct. 1987)

Even if the Greenbergs had argued in its unsworn opposition that the Board was a proper plaintiff, which it did not, this would only create an issue of credibility between its allegation and the allegations in the Verified Complaint. This makes dismissal under 12(b)(6) inappropriate. Dubreus v. N. Shore Univ. Hosp., No. 12 CV 940 DRH GRB, 2012 WL 5879110, at \*4 (E.D.N.Y. 2012) ECF No. 33, § III (a).

## 10. Foreclosure is not a remedy for a non-party to a contract that permits foreclosure.

An entity lacking existence cannot enter into a contract. 442 Decatur St., LLC v. Spheres Realty, Inc., 14 A.D.3d 535, 535–36 (2 Dept. 2005).

Nor can it sue under any purported contract.

"Since Hemlock was a nonexistent entity, it could not " 'acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, **sue or be sued'** " [citations omitted] [Emphasis added.]

Farrell v. Housekeeper, 298 A.D.2d 488, 489 (2 Dept. 2002)

As the Board"is alleged in the complaint to be non-existent, ECF No. 1. p the lower court was bound to make an inference favorable to Buckskin that the Greenbergs were grossly negligent in not arguing that the Board could have no contract with Buckskin, and thus could allege no breach of contract; nor sue in the Supreme Court in Greene County; and therefore, absent a real party in interest, the state court lacked the power to decide a controversy for insufficiency of fact. In Emergency Beacon Corp., 84 B. R. 329, 332 (S.D.N.Y. 1988). ECF 53-1, p. 8.

The Notices of Lien, the state court summons, complaint and notice of pendency were all in the name only of the non-existent Board and therefore are all nullities that denied jurisdiction to the state court.

"Not being parties to the agreement, the plaintiffs are not real parties in interest and fail to establish jurisdiction to entertain this action."

Cutting Room Appliances Corp. v. Finkelstein, 33 A.D.2d 674, 674 (1 Dept. 1969)

Only the real party in interest, i. e., the homeowners association, can prosecute an action to collect allegedly overdue assessments from Buckskin.

> "The law requires that the action shall be prosecuted in the name of the real party in interest."
>
> Chapman v. Brooks, 31 N.Y. 75, 80 (1865)

**(h) The bankruptcy court improperly acted as an advocate for the Greenbergs.**

All of the Court's *sua sponte* arguments improperly acting as advocate for the Greenbergs were defective and in any event violated the rule that courts must be impartial arbiters. See ECF

Each party must advocate its own position to the Court which was constitutionally created to be an impartial arbiter. People v. S. E-W., 13 Misc. 3d 1050, 1054 (Sup. Ct. 2006)

> "It is not the job of this, or any other, court to construct arguments or to ferret out evidentiary support on behalf of a party. "
>
> Bonnie & Co. Fashions v. Bankers Tr. Co., 945 F. Supp. 693, 726 (S.D.N.Y. 1996), disagreement on other grounds, TVT Records v. Island Def Jam Music Grp., 412 F.3d 82 (2d Cir. 2005).

The court's non-jurisdictional rulings on arguments it raised *sua sponte* should be disregarded as in excess of jurisdiction.

The bankruptcy court incorrectly concluded that the state court judge made a determination that the Board was the real party in interest.

In this default situation, the state court had to accept as true all of the allegations in the complaint; there was no defendant to argue otherwise.

The bankruptcy court Decision opines without support that the *"argument that the Board did not exist was directly contrary to the State Court's findings about the Board's valid actions under the Declaration and its ability to act on behalf of Windmont."* ECF No. 63, p. 8.

In a default judgment, a court makes no findings but accepts the well-pled factual allegations of the complaint. Complaint, ECF 1. The first 2 paragraphs of the Complaint are legal conclusions and not traversable allegations.

The relief requested in the affidavit of facts supporting the motion for a reference states: "*In the alternative, the properties should be ordered sold subject to a lien for the outstanding 2012 annual assessment.*" Affidavit of Eva Halpern, March 16, 2012 in support of motion for reference. The 2012 assessment would be for the months of January to July, 7 months @ $150 x 2 lots = $2,100.

Nowhere in the Halpern affidavit is there any reference to any other accounting showing a greater sum due. *Id.*

Halpern also implicitly recognized in ¶16 of her said affidavit that Buckskin obtained deeds to Lots 15, 16 in October 2010 from its grantor, the Treasurer of Greene County which as grantor, is responsible under the Declaration of Covenants for prior assessments.

The Greenbergs failed to bring this dispositive evidence to the attention of the state court.

**(i) The bankruptcy court erred when it ruled that the Board could amend its pleading in its motion for a reference to increase the monetary demand in the complaint.**

> Moreover, "at an inquest, **the court may not permit amendments of the pleadings** which would broaden the scope of the inquest **and increase the amount of damages** provable by the plaintiff" (*Recon Car Corp. of N.Y. v. Chrysler Corp.*, 130 A.D.2d 725, 732, 515 N.Y.S.2d 829). [Emphasis added.]

Because the amount of monetary damages was increased from zero in the complaint to over $50,000 by the Referee, the Greenberg should have made this argument to relieve Buckskin of its default.

> However, at an inquest, the court <u>may not</u> permit amendments of the pleadings which would broaden the scope of the inquest and **increase the amount of damages provable by the plaintiff** (*see,* CPLR 3215[b]; *Gluck v. Allen Mfg. Co.,* 53 A.D.2d 584, 585, 384 N.Y.S.2d 841; *McNally Inc. v. Ontario Frgt. Lines Corp.,* 29
>
> A.D.2d 678, 286 N.Y.S.2d 874). Since the amendment of the counterclaims would arguably expand their scope, we hold that Recon should be relieved of the consequences of its default. Therefore, upon remittal, Recon should be allowed to answer Chrysler's claims, and litigate them both as to liability and damages. [Emphasis added.]
>
> Recon Car Corp. of New York v. Chrysler Corp., 130 A.D.2d 725, 732, (2 Dept. 1987)

## (j)   Absent the real party in interest which owns the cause of action as plaintiff, a cause of action cannot be stated by any other entity.

The non-existent Board can own nothing and therefore cannot state a cause of action belonging to some other entity.

> Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default (*see, Cree v. Cree,* 124 A.D.2d 538, 541, 507 N.Y.S.2d 683).
>
> Green v. Dolphy Const. Co., 187 A.D.2d 635, 636, (2 Dept. 1992)

The state court decision, entered on default, simply refers to a pled allegation, the Board as the named plaintiff.  ECF No. 18-4.

The bankruptcy court Decision opines without support that the *"argument that the Board did not exist was directly contrary to the State Court's findings*

*about the Board's valid actions under the Declaration and its ability to act on behalf of Windmont.*" ECF No. 63, p. 8.

Absent opposition, and especially given as the lack of a reasonable excuse was the **only reason** given for denying vacatur, **the merits were never reached**. The above quote presumes, incorrectly, that they were.  The law of the case doctrine has no effect when there has been no prior disposition on the merits.

> "Contrary to plaintiff's assertion, the law of the case did not preclude resolution of defendant's motion to vacate the default judgment entered against it. **Defendant's prior motion was not disposed of on the merits to the extent that it sought vacatur.**"

> Washington Heights Child Care Ctr. v. Congregation Beth Hamedresh Hagodol of Washington Heights, Inc., 299 A.D.2d 180, 180–81 (1 Dept. 2002)

**(k)  The state Court lacked <u>personal jurisdiction</u> over the Board and the Greenbergs should have argued that its default and foreclosure judgments are therefore void.**

**1.  No court can exercise jurisdiction over a non-existent entity.**

A court lacks personal jurisdiction over an entity, the Board, that does not exist. <u>Del Med. Imaging Corp. v. CR Tech USA, Inc.</u>, No. 08 CIV. 8556 *LAP DFE, 2010 WL 1487994, at \*4 (S.D.N.Y. Apr. 13, 2010) citing to White v. Moylan,* 554 F.Supp.2d 263, 266 (D.Conn.2008).

A non-existent entity, the Board, may not obtain jurisdiction over a defendant, Buckskin, because the Board cannot engage an agent to make service. "One cannot be  an agent for  a nonexistent principal;  there is no agency."  <u>Plain Dealer Publ'g Co. v. Worrell,</u> 2008-Ohio-4846, ¶ 10, 178 Ohio App. 3d 485, 489, 898 N.E.2d 1009, 1012

**2.  The Greenbergs failed to argue that the state court judgment was void because of the non-existence of the Board.**

The Court of Appeals instructs that no judgment is binding if the plaintiff does not legally exist.  <u>MacAffer v. Boston & M. R. R.</u>, 268 N.Y. 400, 403 (1935)

ECF No. 37, § (f). It is undisputed that the Board never existed as legal entity. Furthermore, in the context of a 12(b)(6) motion this must be assumed true.

**3. After the non-appearance of Buckskin, a corporate defendant, jurisdiction to enter a default judgment cannot be obtained without personal service of the summons and complaint upon a director or officer of Buckskin.**

**(l) When personal jurisdiction is lacking for any reason, any default judgment obtained may be attacked as invalid under CPLR 317.**

**1. It is undisputed that no personal service of the Summons and Complaint were made on an officer or director or employee or attorney of Buckskin prior to the entry of a default judgment as required by CPLR 317.**

The Board by not complying with CPLR 317 failed to provide the state court with jurisdiction to enter a default judgment against Buckskin, a corporation thereby enabling Buckskin to assert its invalidity.

> "A party against whom a default judgment is entered without obtaining jurisdiction over his person may appear and contest its validity or ignore the judgment and assert its invalidity whenever enforcement is attempted."

> McMullen v. Arnone, 79 A.D.2d 496, 499 (2 Dept. 1981)

**2. The lack of personal service and the presence of a meritorious defense requires that the default and foreclosure judgments be vacated.**

The Third Dept. that binds all courts in Greene County has held that based on lack of personal service and a meritorious defense that the granting of a default judgment must be reversed.

> "**Pursuant to CPLR 317**, a person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318 can be relieved of a default upon a finding of the court **that he did not personally**

**receive notice of the summons in time to defend** and t**hat he has a meritorious defense**. **The Secretary of State is not an agent** under CPLR 318 and, thus, the relief sought by defendants Colonial and Strelene was within the scope of CPLR 317 (*Wakerman Leather Co. v. Foster Sportswear Co.*, 27 A.D.2d 767, 277 N.Y.S.2d 56). [Emphasis added.]

Cecelia v. Colonial Sand & Stone Co., Inc., 85 A.D.2d 56, 57–58 (3 Dept.1982)

### 3.    Buckskin has shown a meritorious defense.

Buckskin's meritorious defense is that it purchased its lots at a tax foreclosure sale on October 7, 2010 free of "all private liens."

> "On the date of conveyance, **all private liens or encumbrances are extinguished and the purchaser of property at a tax sale**, upon receiving a valid deed, acquires a new and complete title to the land under an independent grant from the sovereign, **a title free of any prior claims to the property** or interests in it and not merely the title of the prior owner of the party assessed for taxes." *JKSP Restaurant Inc. v. County of Nassau,* 127 A.D.2d 121, 129, 513 N.Y.S.2d 716 (N.Y.App.Div.1987); *see In re Mojac Constr. Corp.,* 190 F.Supp. 622 (E.D.N.Y.1960)

In re R.A. Hendrickson Real Estate, Inc., 395 B.R. 565, 575 (Bankr. E.D.N.Y. 2008)

At most it could owe for assessments from October 2010 to July 2011 when the complaint was filed.  This would be $150 x 7 x 2 lots or $2,100 and not the amount of the foreclosure judgment, $58,389.11.

This proceeding seeks payment mostly for liens that accrued on one lot beginning in April **2004** and the Lien on the other in April **2009**,

All liens up to October 2010 were extinguished as a matter of law.   In re R. A. Hendrickson, *supra.*

Furthermore, the Liens that were filed by the Board were illegal and fraudulent.  They claim on their face to have been filed under RPL § 339(z) and aa.   Only a recorded condominium that has filed a declaration in conformity with RPL § 339(n) and benefit by the statute's terms. It is undisputed that the Board never filed the requisite declaration and that it could not as it was not a

condominium with "unit owners" as the caption, above, states, but a homeowners association with "Members."

No lien can be acquired by an illegal or fraudulent act as was determined long ago by the U. S. Supreme Court. <u>Randel v. Brown</u>, 43 U.S. 406, 424 (1844).

As the Board's Liens were nullities, they cannot be enforced and the case dismissed.

**(m)  The bankruptcy court's ruling that the name of the non-existent Board could have been changed to the name of Buckskin's contract partner is contrary to New York precedent.  Furthermore any such change would nullify the original complaint and require the service of an amended complaint in the manner of a summons thereby *ipso facto* causing vacatur.**

**1.     The lower court ruled incorrectly that the state court could have permitted an amendment of the complaint to substitute in the real party in interest.**

The Decision cites to CPLR 2001 and CPLR 5019(a) as authority for the state court to have granted an amendment to the caption.  ECF No. 63, p. 9.

CPLR 2001 applies only when there has been a mistake. Intentionally using the putative name of a registered condominium to falsely utilize RPL § 339(z)(aa) to unlawfully file a Notice of Lien against Buckskin was willful and intentional. ECF No. 1 ¶¶ 47-52

CPLR 5019(a) can only be used when its use does not affect the substantial right of a party.  A defendant has the right to have a plaintiff properly identified.

> The request to "amend" the caption involves neither a party's "transfer of interest" to another (*see* CPLR § 1018), nor the correction of a mere misnomer. [Citation omitted]  **Rather, it presents facts involving a fundamental and fatal defect—namely, counsel's failure to properly identify the plaintiff in this action.** Proper identification of the plaintiff "is a *267 basic requirement of due process." See 82 N.Y. Jur. 2d, Parties, § 19.

> <u>Resurgent Capital Servs., LLC v. Mackey</u>, 32 Misc. 3d 265, 266–67(Dist. Ct. 2011)

"A party may not raise matters of substance by a motion for correction of clerical errors, see Mansfield, supra; Chemical Bank v. Buxbaum, 76 A.D.2d 850, 428 N.Y.S.2d 523 [2d. Dept. 1980].

Pjetri v. New York City Health & Hosps. Corp., 147 Misc. 2d 636, 639–40 (Sup. Ct. 1990), aff'd, 169 A.D.2d 100 (1 Dept. 1991)

"CPLR §§ 2001 and 5019 have no application to a situation where the Court lacked jurisdiction to issue the mandate in question."

Am. Metal Climax, Inc. v. Seaboard Die Casting Corp., 43 Misc. 2d 781, 782(Sup. Ct. 1964)

A New York court's power or lack of power to decide is legislatively conferred; it is a jurisdictional issue, and cannot be extended by a court under CPLR § 2001 and CPLR § 5019.The Legislature did not give New York Courts the power to decide a hypothetical controversy advanced by an attorney for a non-existent party.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, **determining the rights of persons which are actually controverted in a particular case pending before the tribunal** [Citations omitted.] This principle, which forbids courts to pass on academic, **hypothetical**, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures *714 which inhere in the decisional process of a common-law judiciary." [Emphasis added.]

Hearst Corp. v. Clyne, 50 N.Y.2d 707, 713-14 (1980)

## 2.    CPLR 3025(d) requires that when the caption is amended the amending pleadings must be served anew which the defendant may answer.

Service of an amended pleading required by CPLR 3025(d) would have permitted Buckskin to answer and erase its default.

"Pursuant to CPLR 3025(d), plaintiffs' amended complaint required an amended answer by the defendant attorneys within twenty days of service of the amended complaint. Furthermore, by plaintiffs proper service of the amended complaint to the defendant attorneys, the prior complaint as well as

35

the defendant attorneys' answer and counterclaims in response to the replaced complaint were rendered nullities."

Miloslavskaya v. Gokhberg, 34 Misc. 3d 1239(A) (Sup. Ct. 2012)

For all of these reasons the Decision's reasoning that the Board's status as an unregistered and non-existent plaintiff could have been corrected must be rejected.

**3.    The Notices of Lien that were foreclosed in the state court action were invalid as they were filed with the County Clerk on behalf of a non-existent entity, the Board, in violation of Penal Law § 175.30, a misdemeanor that punishes filings containing false facts with public offices.**

No lien can be acquired by an illegal or fraudulent act as was determined long ago by the U. S. Supreme Court. Randel v. Brown, 43 U.S. 406, 424 (1844). Accord: In re Doctors Hosp. of Hyde Park, Inc., 474 B.R. 576, 595 (Bankr. N.D. Ill. 2012).

It was therefore negligent of the Greenbergs not to conduct fundamental legal research and then attack the underpinning of the Board's complaint based on the allegations in Buckskin's complaint.  ECF No. 1, ¶¶ 16, 17, 33, 34, 40, 47, 51, 52, 56, 57, 58.

**4.    Buckskin by its default could not make an intentional waiver of the non-existence of the plaintiff as the court incorrectly determined.**

Waiver of an affirmative defense **"may not be proper where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party."** [Emphasis added.]

Animazing Entm't, Inc. v. Louis Lofredo Assocs., Inc., 88 F. Supp. 2d 265, 268 (S.D.N.Y. 2000)

… those cases are distinguishable.  In both Mastropaolo and Delphonse, the defendants filed answers containing either counterclaims or affirmative defenses, without asserting a standing defense see, Mastropaolo,
 42 A.D.3d at 240, 837 N.Y.S.2d 247; Delphonse, 64 A.D.3d at 625, 883 N.Y.S.2d 135]. In so doing, the defendants acknowledged that the plaintiff was a proper party for the prosecution of those foreclosure actions. **By stark contrast,**

**Defendant has not appeared or filed an answer and therefore has not waived the right to challenge Plaintiff's standing**. [Emphasis added.]

Deutsche Bank Nat. Tr. Co. v. McRae, 27 Misc. 3d 247, 252 (Sup. Ct. 2010)

See also, Wiwa v. Royal Dutch Petroleum Co., No. 01 CIV. 1909 KMWHBP, 2009 WL 464946, at *5 (S.D.N.Y. Feb. 25, 2009)

Because of the non-existence of the Board, Buckskin was not required to even appear or file an answer under binding precedent as instructed explicitly by the Court of Appeals. ECF No. 53-1, p. 8.

> If the plaintiff in that action was not in existence, the defendants named in the summons and complaint were, in fact, not required to appear in court and answer the complaint.' MacAffer, supra, 268 N.Y. at 404, 197 N.E. at 329.

Little Shoppe Around the Corner v. Carl, 80 Misc. 2d 717, 718–19(Co. Ct. 1975)

As the sole plaintiff in the state court action was non-existent, it had no right to relief and thus the action was one without a plaintiff entitled to seek relief.

> "To remain a proper party, one must be a party against whom there exists a right to relief on behalf of petitioners."

Joanne S. v. Carey, 115 A.D.2d 4, 8 (1 Dept. 1986)

The dismissal order should be reversed and a determination made that Buckskin has stated a cause of action in legal malpractice against the Greenbergs for not researching and advancing the arguments to the state court that the Board was not registered in New York and did not exist as this requires mandatory dismissal of its complaint. "An attorney engaged to vacate a default judgment has a "duty to discover readily available information' that would require vacatur." Farrauto, Berman, Fontana & Selznick v. Kewwongan 166 Misc.2d 804, 810 (City Ct. 1995). ECF 53-1, p. 11. ECF No. 37, p. 8. The Greenbergs did not exercise due care. ECF No. 34, p. 7.

Additionally, the Decision ruled, incorrectly, that because Buckskin had failed to bring the Board's non-existence to the state court's attention by pre-answer motion or answer, waiver had occurred. CPLR 3211(a)(3). ECF No..63, p.

3. This ruling implicates the fact that the bankruptcy court read the state court decision, which is not permitted when adjudicating a motion to dismiss. <u>F.D.I.C. v. U.S. Mortg. Corp.</u>

**5.    The rule of waiver does not extend to a plaintiff's failure to state a cause of action.**

*Arguendo*, waiver of capacity and standing would have been no bar to the Greenbergs timely bringing the non-existence of the Board to the attention of the state court. The inability to state a claim **because of the fact of lack of ownership** of the claim is independent of standing and capacity. "Incapacity to sue is not the same as insufficiency of fats to sue on. Ward. V. Petrie (157 N. Y. 301, 311 (1875) ECF No. 54, p. 3.

The lack of a bilateral contract reveals an insufficiency of fact for the Board to allege breach of contract. The existence of a contract is an indispensable element of a breach of contract claim. <u>Elisa Dreier Reporting Corp. v. Glob. Naps Networks, Inc.</u>, 84 A.D.3d 122, 127 (2 Dept. 2011)

It is undisputed that there was no contract between the Board and Buckskin because the Board, as a non-existent entity, cannot contract. Therefore the rules of waiver are inapplicable.

> "The flaw in defendants' argument is that it mischaracterizes plaintiffs' and Durkin Hayes' motion as resting on LL Associates' lack of capacity to sue, when the motion is more accurately described as based on LL Associates' **lack of capacity to form contracts.** The issue raised by these motions is whether defendants can establish an essential element of all of their counterclaims, **namely, the existence of a valid contract.** Since the present motions are based not on an affirmative defense but rather on the absence of an essential element of defendants' claims, the rules of waiver are inapplicable." [Emphasis added.]

> <u>Animazing Entm't, supra.</u> (noting that waiver would be improper where a capacity defense was raised promptly after discovery of facts giving rise to the defense).

> <u>Wiwa v. Royal Dutch Petroleum Co.</u>

The Greenbergs engaged in malpractice by failing to grasp that the Board had no contract with Buckskin.

If the Greenbergs had argued for vacatur based on the absence of any written contract between Buckskin and the Board, dismissal would have been mandatory for failure to state a cause of action.

The Greenbergs only needed to move under CPLR 5015(a) (3) (misrepresentation) and/or CPLR 3211(a)(3) (lack of capacity to sue) to have the state court action dismissed.

They also could have moved under CPLR 3211 (a)(7) (no cause of action stated); CPLR 3211(a)(2) (lack of power to decide); CPLR 5015(a)(4) (lack of power to decide); and, CPLR 5015 (a)(3) misrepresentation and adverse conduct (filing Notices of Lien in the name of a non-existent entity).

The Greenbergs' failure to research and assert these arguments was gross legal malpractice warranting denial of their motion to dismiss.

**6.     CPLR 3215(b) is not nullified by an inquest not preceded by notice to a defaulting defendant served personally, or by substituted service or by conspicuous notice.**

The Decision's rationalization that CPLR 3215(b) is inapplicable because there was an inquest between the complaint and the judgment thereby permitting the judgment amount to be increased, fails in this default case, as the record is bare of an affidavit of service of notice of the inquest in the same manner as a summons.

The Decision, ECF No. 63, p. 10, relies on the existence of a "referee's report" following an inquest to explain the doubling of the judgment amount compared to the amount stated in the Board's complaint. ECF 15-7 in AP 1-15-01004-nhl.

This was error as the inquest and the referee's report were nullities due to lack of due process.

The record is bare of any affidavit of personal, substituted or conspicuous service of a notice of inquest on Buckskin as required by CPLR 3012(a):

> CPLR 3012(a) requires that subsequent pleadings, which seek to assert new or additional claims of relief, must be **personally served on a defaulting party where the amended pleading changes the relief originally sought** or adds causes of action. Any other rule would violate the concept of due process (Cassidy v. Boyland, City Ct., 3 N.Y.S. 258, n.o.r.). [Emphasis added.]
>
> Brandenberg v. Tirino, 59 Misc. 2d 630, 632,(Sup. Ct. 1969), aff'd, 34 A.D.2d 737(1970)
>
> Any alleged service by mail of a notice of inquest, following a default, is jurisdictionally defective.
> As Professor David D. Siegel points out in his commentary on default judgments (McKinney's Consolidated Laws, Vol. 7B, CPLR 3215(b), pages 869—870), 'If the action is for money, the default judgment cannot exceed the amount demanded in (the) complaint * * *. Only the Original complaint or 305(b) notice bound him. * * *
> **Absent an appearance, there is no statutory authority which permits service by mail; and in the absence of statutory authority, service by mail of such notice is jurisdictionally defective** (Stevens v. State, supra; Cirigliano v. Brown, supra). [Emphasis added.[
>
> First Nat. City Bank v. Elsky, 62 Misc. 2d 880, 883–84 (Civ. Ct. 1970)

The holdings of the Third Department to which appeal of the state court's orders are taken are controlling. It has instructed that a default judgment for an increased amount must be vacated in the absence of an amended complaint properly served and that amendment would not have been permissible at the inquest. Wade v. Vill. of Whitehall, 46 A.D.3d 1302, 1304 (3 Dept. 2007)

Thus CPLR 3215(b) is not overcome by any monetary damage increase resulting from the inquest as the bankruptcy court ruled in error. ECF No. 63, p. 10.

> "An unwarranted and excessive award after inquest will not be sustained, as to do otherwise "would be tantamount to granting the plaintiffs an 'open season' at the expense of a defaulting defendant" (Brosnan v. Behette, 186 A.D.2d 165,

167, 587 N.Y.S.2d 953; *see also, Bohlman v. Bohlman,* 114 A.D.2d 832, 494 N.Y.S.2d 743)."

<u>Neuman v. Greenblatt</u>, 260 A.D.2d 616, 617 (2 Dept. 1999)

A "jacked-up" default judgment amount is a jurisdictional impediment. <u>Mantell v. Servidone Const. Corp.</u> 63 A.D. 2d 1071, 1071 (3 Dept. 1978). ECF No. 53-1, p. 12. ECF No. 37, § (e).

The Greenbergs should have argued for vacatur and dismissal because in a default judgment context, the judgment cannot exceed the amount demanded in the Complaint. CPLR 3215(b). The Board complaint's ad damnum clause makes no monetary demand whatsoever. This prevents the entry of a default judgment and requires vacatur of the entered default judgment.

The only remedy would have been a properly noticed inquest. When there is a default the notice of the inquest cannot be served by mail but only by personal, substituted or conspicuous service. There is no such affidavit of service in the record.

> "However, at an inquest, the court may not permit amendments of the pleadings which would broaden the scope of the inquest and increase the amount of damages provable by the plaintiff (*see,* CPLR 3215[b]; *Gluck v. Allen Mfg. Co.,* 53 A.D.2d 584, 585, 384 N.Y.S.2d 841; *McNally Inc. v. Ontario Frgt. Lines Corp.,* 29 A.D.2d 678, 286 N.Y.S.2d 874). Since the amendment of the counterclaims would arguably expand their scope, we hold that Recon should be relieved of the consequences of its default.

> <u>Recon Car Corp. of New York v. Chrysler Corp.</u>, 130 A.D.2d 725, 732 (2 Dept. 1987)

## IV.    Conclusion

WHEREFORE, in the interests of justice, the denial of Buckskin's motion to vacate the Order granting the Greenbergs' motion to dismiss should be reversed for the following reasons:

(a)    Non-core matters require a decision by this Court; the bankruptcy court is only to make findings of fact. A legal malpractice action is a state court matter that does not arise under bankruptcy law or in a bankruptcy case.

(b)    The bankruptcy court made erroneous factual findings by the bankruptcy court.

The Court believed that the Greenbergs had uncovered the non-existence of the Board and considered and rejected the arguments that the Board's complaint did not state a cause of action and that it lacked the power to decide a controversy without a real plaintiff with a real cause of action.  In fact it is undisputed that these arguments were uncovered by bankruptcy counsel.

(c)    The bankruptcy court made reversible errors of law.

1.    Mis-using a summary judgment standard to decide a motion to dismiss for failure to state a cause of action under FRCP 12(b)(6) by considering Defendants/Appellees submissions instead of limiting itself to the complaint.

2.    Acting as advocate for the Greenbergs by making new arguments grounded in the state court decision, which is evidence outside the pleadings that may not be considered in a 12(b)(6) motion and then ruling on same when denying Buckskin's last motion for reconsideration.  This gave Buckskin no opportunity to oppose these arguments other than herein.

3.    Failing to recognize that: (i) the state court lacked the power to decide the controversy because by not obtaining the certificate required of New York corporations under BCL §§ 402, 403 the plaintiff was non-existent under New York law; and (ii), this deprived the court of a justiciable controversy between 2 real parties; and, (iii) the malpractice of the Greenbergs in failing to make these dispositive arguments mandating dismissal.

4.    Mis-ruling that the prohibition of CPLR 3215(b) against entering a default judgment for more than the demand in the complaint was overcome by a referee's report after the Board's motion for a reference.  It overlooked that because Buckskin after its default  was not noticed of the reference in the manner of a summons, i. e., personal, substituted or conspicuous place service, that the Referee's determination was a nullity. The lack of proper noticing

of the motion for a reference is a jurisdictional defect that requires dismissal for lack of jurisdiction.

5. Ruling that inasmuch as the name of the state court plaintiff could have been changed to the homeowner association, any objection to the non-existent plaintiff would have been futile, was in error since:

i. There was no honest mistake in naming the plaintiff as would invoke CPLR 2001. Using the name as plaintiff of a non-existent condominium was an **intentional deceit** to utilize the lien filing authority of RPL § 339(z)(aa) available only to condominiums that complied with the recording requirements of RPL § 339(s)(2), which the Board did not.

ii. CPLR 5019(a) could not be utilized, as the bankruptcy court ruled in error, because it would deprive Defendant Buckskin of a fundamental right that the plaintiff be correctly named in a summons and complaint.

iii. Any increase in the damages sought in the complaint requires an amended complaint would have to be served anew thereby nullifying the original complaint, removing the default, and giving Buckskin the opportunity to respond.

iv. Ruling that the Board could have sought modification of the caption to include the real party in interest homeowners association as co-plaintiff and ignoring that the Board's dirty hands in making unlawful filings of statutory liens would prevent the granting of any equitable remedy.

6. The ruling also ignored the estoppel effect of the use of the Board's name to file Notices of Lien, a summons and complaint that would bar the use of the association name in an amended caption. Furthermore a corporation can have only 1 name. BCL 202(b).

7. It would **not** have been futile, as the bankruptcy court opined, for the Greenbergs to argue that the Board was not the real party in interest. Any

43

amendment of the caption would have nullified the original complaint and require that Buckskin be served anew thereby enabling Buckskin to vacate its default. CPLR 3025(d).

(d) The Greenbergs engaged in gross legal malpractice by:

1.      Failing to make a free online inquiry of the NYSOS and uncover that the Board, a putative corporate condominium, was not registered or recorded and thus was legally non-existent arguing that this relieved Buckskin of any obligation to answer the complaint which must be dismissed. Any minimally competent attorney would check that a corporate adversary is authorized to file a suit in a court of New York, which the Board was not.

2.      Failing to detect in the complaint the absence of any allegation of a contract between Buckskin and the Board and then arguing that absent a breach no cause of action could be stated warranting foreclosure.

3.      Failing to argue that it was fatal for the homeowners association not to sue in its own name for an alleged breach of its contract with Buckskin.

4.      Failure to argue that the Notices of Lien being foreclosed were factually false statements filed in a public office as the lienor, the Board, had no contractual relationship with Buckskin and furthermore that only a recorded condominium can utilize RPL § 339.

5.      Failure to detect that CPLR 3215(b) was violated as the judgment amount was for more than amount of damages, zero, sought in the complaint and that the motion for a reference was a nullity for lack of personal notice upon Buckskin, which had defaulted, by personal, substituted or conspicuous place service.  This is jurisdictional.

6.      At bottom, a non-existent entity, the Board, cannot foreclose on Buckskin's real property because of an alleged debt to a homeowner association, a non-party to the state court complaint.

WHEREFORE Buckskin seeks a reversal of the lower court's rulings for:

(a) Issuing a Decision in a non-core matter instead of recommending findings to this Court.

(b)  Making incorrect rulings based on lack of evidence and misreading the controlling law as explained herein.

Buckskin respectfully seeks a Decision reversing the bankruptcy court's granting of the Greenbergs' motion to dismiss and an Order to answer the complaint.

Buckskin respectfully seeks such other and further relief, including general relief, as this Court deems just.

New York, New York
July 23, 2018

> /s
> Frederick Cains
> Attorney for Buckskin Realty, Inc.
> 430 East 86th Street
> New York, NY 10028
> (212) 249-9920
> Frederickcains@yahoo.com

Official Form 417C (12/15) Official Form 417C Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2)

 [This certification must be appended to your brief if the length of your brief is calculated by maximum number of words or lines of text rather than number of pages.]

Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2) This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)(2) because: this brief contains 13,478 words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

Date:  July 23, 2018


Signature Print name of person signing certificate of compliance:

/s Frederick Cains