**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**
------------------------------------------------------------------------X
Buckskin Realty, Inc.,

        Appellant,

   - v -

Mark D. Greenberg, Greenberg & Greenberg,

        Appellees.
------------------------------------------------------------------------X

       **Case No.: 18-cv-3166**

       *Appeal from*
    *United States District Court*
   *Eastern District of New York*
    *Adversary Proceeding*
    *Case No.: 15-1203*

    **BRIEF OF APPELLEES, MARK D. GREENBERG AND**
  **GREENBERG & GREENBERG, REGARDING BANKRUPTCY APPEAL**

FURMAN KORNFELD & BRENNAN LLP
*Attorneys for Appellees*
MARK D. GREENBERG and
GREENBERG & GREENBERG

61 Broadway, 26th Floor
New York, NY 10006
(212) 867-4100
FKB File No. 300.230

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ............................................................................ 1

STATEMENT OF ISSUES PRESENTED....................................................................2

STATEMENT OF THE CASE......................................................................................3

    I.    The Underlying Foreclosure Action Against Plaintiff in State Court.....................3

    II.    Attorney Greenberg's Retention in the Underlying Foreclosure Action in State Court ............................................................................................................5

    III.    The Adversary Proceeding in the Bankruptcy Court ...............................................6

    IV.    Procedural History of the Adversary Proceeding ...................................................8

ARGUMENT ...............................................................................................................10

    I.    Your Honor Does Not Have Jurisdiction to Review the Bankruptcy Court's April 1, 2017 Order Granting Attorney Greenberg's Motion to Dismiss or the Bankruptcy Court's May 18, 2018 Order denying Plaintiff's Second Motion to Amend.........................................................................................................10

    II.    "De Novo" Review Pursuant to 28 U.S.C. §157(c)(1) is Not Available as this Adversary Proceeding is a "Core Action" .........................................................11

    III.    Plaintiff has Not Provided Any Legitimate Reasons to Modify or Reverse the Bankruptcy Court's Decisions ...............................................................................12

        A.    The Bankruptcy Court Can Take Judicial Notice of Court Decisions.............12

        B.    The Bankruptcy Court Was Not Required to Accept Plaintiff's Legal Conclusion that the Board's "Non-Existence" Would Mandate Vacatur of the Underlying Foreclosure Judgement ...............................................................14

        C.    Plaintiff's Remaining Arguments are Without Merit as the Bankruptcy Court Properly Ruled that Attorney Greenberg was Not Negligent and that Attorney Greenberg's Alleged Conduct Did not Proximately Cause Plaintiff Any Damages......................................................................................................15

CONCLUSION............................................................................................................17

# TABLE OF AUTHORITIES

Pages

Baird v. Kingsboro Psychiatric Ctr.,
No. 111-CV-159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153701 (E.D.N.Y. Aug. 12, 2013).........13

Fraticelli v. Good Samaritan Hosp.,
11-CV-3376 (VB), 2012 U.S. Dist. LEXIS 135794 (S.D.N.Y. July 23, 2012)............................ 13

H & C Dev. Group, Inc. v. Miner (In re Miner),
229 B.R. 561 (2d Cir. BAP 1999)..................................................................................................12

Harris v. Mills,
572 F.3d 66 (2d Cir. 2009).......................................................................................................... 14

In re Ames Dep't Stores, Inc.,
582 F.3d 422 (2d Cir. 2009)......................................................................................................... 12

In re Hassan,
527 B.R. 97, 100 (Bankr. E.D.N.Y. 2015)................................................................................... 13

In re Lehman Bros. Holdings, Inc.,
415 B.R. 77 (S.D.N.Y. 2009)....................................................................................................... 12

Iqbal v. Ashcroft,
556 U.S. 662 (2009)...................................................................................................................... 14

Overbaugh v. Household Bank N.A. (In re Overbaugh),
559 F.3d 125 (2d Cir. 2009)......................................................................................................... 11

U.S. Bank Nat'l Assoc. v. Stewart,
97 A.D.3d 740, 948 N.Y.S.2d 411 (2d Dept. 2012) .................................................................... 15

United States v. U.S. Gypsum Co.,
333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948) ..................................................................... 12

Vandever v. Murphy,
Case No. 3:09cv1752(AWT), 2012 U.S. Dist. LEXIS 126076, at *12 n.2 (D. Conn. Mar. 13,
2012) ............................................................................................................................................. 13

Volpe v. Nassau Cnty.
915 F. Supp. 2d 284 (E.D.N.Y. 2013) .......................................................................................... 13

**STATUTES**

28 U.S.C. § 1334(b) ........................................................................................................1

28 U.S.C. §157 ....................................................................................................... *passim*

28 U.S.C. § 158 ...........................................................................................................11

C.P.L.R. § 5015 ..................................................................................................... *passim*

This Appellee's Brief is respectfully submitted by Defendants-Appellees, MARK D. GREENBERG and GREENBERG & GREENBERG's (hereinafter collectively referred to as "Attorney Greenberg").

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § l334(b) and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012.

This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

As set forth herein, the District Court does not have jurisdiction over Plaintiff's instant Appeal. While Your Honor had jurisdiction over a separate Appeal of the Bankruptcy Court's May 7, 2018 Order, which denied Plaintiff's Motion to Amend its Complaint (See APPEAL ECF No. 1),[1] Plaintiff did not timely perfect that appeal and Plaintiff's instant brief does not address nor seek review of that Decision and Order .

Instead, Plaintiff's uses its Appellant's Brief to improperly seek the Court's review of the Bankruptcy Court's prior April 1, 2017 Decision, which granted Attorney Greenberg's Motion to Dismiss Plaintiff's Complaint with prejudice.[2] See BK ECF No. 50.[3]   Plaintiff also impermissibly attempts to "Judge Shop" by asking Your Honor to rule on a appeal of the Bankruptcy Court's separate May 18, 2018 Order denying Plaintiff's second Motion for Reconsideration of the Decision granting Attorney Greenberg's Motion to Dismiss. That is a separate appeal which was assigned to District Court Judge Frederic Block under Action

---

[1]  "APPEAL ECF No. __" refers to the docket for the instant bankruptcy appeal in Buckskin Realty v. Greenberg, Action No.: 18-cv-3166(AMD).

[2] On April 1, 2017, the Bankruptcy Court issued an Order correcting inadvertent typographical errors in the April 1, 2017 Order.  As stated in the April 1, 2017 Order, none of the typographical errors affected the conclusions reached in the Court's April 1, 2017 Decision.

[3]  "BK ECF No. __" refers to the docket for the instant adversary proceeding, Buckskin Realty v. Greenberg, Adversary Proceeding No.: 1-15-01203-nhl in the U.S. Bankruptcy Court, Eastern District of New York (Brooklyn).

Number:18-cv-3886. See BK ECF No. 76, 95.   Plaintiff failed to timely perfect that appeal before Judge Block.

## <u>STATEMENT OF ISSUES PRESENTED</u>

Although the sole issue before Your Honor is an Appeal from the Bankruptcy Court's May 7, 2018 Order, which denied Plaintiff's Motion to Amend his Complaint (See APPEAL ECF No. 1) in the adversary proceeding before the Bankruptcy Court, Plaintiff uses this Appellant's brief to improperly (and unethically) attempt to have Your Honor conduct a "de novo" review, pursuant to 28 U.S.C. §157(c)(1), of a completely different Order – the Bankruptcy Court's April 1, 2017 Decision, which granted Attorney Greenberg's Motion to Dismiss Plaintiff's Complaint with prejudice. See BK ECF No. 50.

At the outset, Plaintiff's request is procedurally improper as the Bankruptcy Judge ruled that this is a "core action," (see BK ECF No. 50) and therefore, "de novo" review pursuant to 28 U.S.C. §157(c)(1) is not available.[4]   Further, Plaintiff never timely filed objections to the findings of fact and conclusions of law of the Bankruptcy Court's April 1, 2017 Decision, never filed a Notice of Appeal of the Bankruptcy Court's April 1, 2017 Decision and the time to do so has long since expired.

To the extent the Appellant's Brief asks Your Honor to rule on Plaintiff's pending appeal of the Bankruptcy Court's separate May 18, 2018 Order denying Plaintiff's second Motion for Reconsideration of the Decision granting Attorney Greenberg's Motion to Dismiss, that is a separate appeal which is not before this Court and was assigned to District Court Judge Frederic Block under Action Number:18-cv-3886.   Plaintiff failed to timely perfect that appeal and Attorney Greenberg respectfully submits that Your Honor should not entertain any of Plaintiff's

---

[4] On page 6 of Plaintiff's Appellant's brief, Plaintiff's counsel misrepresents that this adversary proceeding is "non-core." In fact, the Bankruptcy Judge ruled on Page 1 of her April 1, 2017 Decision, that this was a "core" adversary proceeding. See BK ECF No. 47, p.1.

2

arguments regarding the separate appeal which is before Judge Frederic Block and was not timely perfected.

Again, the sole issue before your Honor is Plaintiff's Appeal from the Bankruptcy Court's May 7, 2018 Order denying Plaintiff's Motion to Amend his Complaint (See APPEAL ECF No. 1).  Notably, the Appellant's Brief does not even once mention the May 7, 2018 Order denying his Motion to Amend, or Plaintiff's proposed amended pleadings.  Accordingly, this appeal should be denied because Plaintiff failed to provide any reason as to why the Bankruptcy Court's May 7, 2018 Order denying Plaintiff's Motion to Amend should not be affirmed.

Alternatively, even if the Court considers the arguments raised in the Appellant's Brief regarding the propriety of the Bankruptcy Court's Decisions granting Attorney Greenberg's Motion to Dismiss and denying Plaintiff's second Motion for Reconsideration, Plaintiff's arguments fail to provide any basis as to why the Bankruptcy Court's decisions were in any way erroneous.  For the reasons stated herein, it is clear that there were no arguments or case law that the Bankruptcy Court overlooked or misapprehended in rendering its Decisions.

Accordingly, Attorney Greenberg respectfully requests that this Court affirm the Bankruptcy Court's May 7, 2018 Order and otherwise decline to entertain Plaintiff's arguments related to orders and appeals, which are not before Your Honor.

## STATEMENT OF THE CASE

### I.    The Underlying Foreclosure Action Against Plaintiff in State Court

Plaintiff was the owner of two unimproved five acre lots (designated as Lots 15 and 16) located in a gated community in Windham, Greene County, New York (hereinafter "Windmont Community").  See Complaint, ¶ 12.[5]  Over ten years ago, Plaintiff entered into a contract with

---

[5] A copy of Plaintiff's Complaint in the Adversary Proceeding from which this appeal stems is available at BK DKT. No. 1.

the Windmont Homeowners Association, Inc. (WHOA) in which it was, *inter alia*, required to pay certain monthly assessments/common charges for maintaining a private road that provided Windmont lot owners access to Lots 15 and 16.  See Complaint, ¶¶ 8, 17.

The Underlying Foreclosure Action was commenced by the Board of Directors of WHOA on August 2, 2011 due to Plaintiff's alleged failure to pay monthly assessments/common charges for Lots 15 and 16 to WHOA.  See Complaint, ¶¶ 1, 17. The lawsuit was entitled The Board of Directors of Windmont Homeowner's Association, Inc. v. Buckskin Realty, Inc. et al. and was venued in Greene County, Supreme Court under Index No. 11-0979.  See Complaint, ¶ 1.

Although Plaintiff and its President, Mr. Olsen, were aware of the Underlying Foreclosure Action immediately after the Underlying Foreclosure Action was commenced, neither Plaintiff nor Mr. Olsen appeared in the Underlying Foreclosure Action or requested leave of the Court to extend its time to respond to the Complaint so as to retain counsel or in any other way attempted to respond to the Complaint.  See Complaint, ¶ 4.

As a result, a default judgment was entered against Plaintiff by Order of Justice Richard M. Platkin, A.J.S.C. dated May 31, 2012 in the Underlying Foreclosure Action. See Complaint, ¶ 1.

In the May 31, 2012 Decision and Order granting default judgment against Plaintiff, Justice Platkin found that:

> [N]othing in Olsen's submissions demonstrate a reasonable excuse for Buckskin's default.  Olsen acknowledges being aware of this litigation "immediately" after Buckskin was served.  And while Olsen refers to ongoing settlement talks, he relies upon highly conclusory assertions that fall well short of demonstrating that plaintiff induced him to refrain from answering the complaint, reasonably led him to believe that an answer was not necessary, or otherwise gave him reasonable ground to simply ignore the pending judicial proceedings in this Court.  Finally, while Olsen claims to be seeking to intervene in this action in his personal capacity, it is apparent from review of his submissions that

4

the claims and defenses he seeks to assert are, in fact, those of Buckskin.  Olsen cannot evade the consequences of Buckskin's default by intervening for the purpose of advancing Buckskin's claims and defense.

See BK Dt. No. 18, Ex. "A."

## II.    Attorney Greenberg's Retention in the Underlying Foreclosure Action in State Court

On September 13, 2012, four months after the entry of default judgment, Plaintiff retained Attorney Greenberg to attempt to vacate the default judgment.  See Complaint, ¶ 1; BK Dt. No. 18, Ex. "B."  Attorney Greenberg filed a motion to vacate and/or dismiss the Complaint in the Underlying Foreclosure Action on October 16, 2012.  See BK Dt. No. 18, Ex. "C."  In the motion, Attorney Greenberg argued that Plaintiff and Mr. Olsen had an excuse for default and presented various reasons for Plaintiff's default.

On November 29, 2012, Justice Platkin issued a Decision and Order denying the motion to vacate and/or dismiss the complaint in the Underlying Foreclosure Action.  See BK Dt. No. 18, Ex. "D." Justice Platkin explicitly referred to the above-quoted language from the May 31, 2012 Decision and Order granting default judgment and noted that the Court had already found that neither Plaintiff nor Mr. Olsen had a reasonable excuse for the initial default in the Underlying Foreclosure Action and that Plaintiff was precluded from relitigating this issue under collateral estoppel.  Id. at pp. 3-4.  Nevertheless, Justice Platkin considered the merits of the motion to vacate and/or dismiss holding that:

> [T]he record shows that as early as August 24, 2011, plaintiff had refused to grant defendant an extension of time to answer the complaint because there was no 'serious settlement proposal'.  Further, during the intervening months, defendant showed a concerted lack of attention to this action and took steps to defend itself (which did not include retaining counsel) only after plaintiff moved for a default judgment in March 2012.  Accordingly, for the reasons stated and quoted above [referring to the language quoted from the May 31, 2012 Decision], Buckskin has failed to demonstrate a reasonable excuse for its default in appearance.

5

<u>Id.</u> at p.4.

Justice Platkin further held that given Plaintiff's failure to demonstrate a reasonable excuse for defaulting in answering the complaint and in failing to oppose Plaintiff's motion for a judgment of foreclosure, it is unnecessary to consider whether Plaintiff possesses a meritorious defense.  <u>See id.</u> at p.4. The Court moreover found no basis to invoke its inherent power to vacate the judgment in the interest of substantial justice.  Justice Platkin held that the proceedings in the Underlying Foreclosure Action demonstrate "a concerted lack of attention to this action by Buckskin, Olsen, and the Court", "the record fails to establish that Olsen attempted to retain counsel with diligence at any stage of this proceedings" and "equitable considerations strongly counsel against the relief now sought by Buckskin".  <u>See id.</u> at p. 5.

Notice of entry of the November 29, 2012 Decision and Order denying the motion to vacate and/or dismiss was filed on December 5, 2012.  <u>See</u> BK Dt. No. 18, Ex. "E. " Thereafter, Attorney Greenberg timely filed a Notice of Appeal of Justice Platkin's Decision and Order and a Pre-Calendar Statement on January 2, 2013 in the Appellate Division, Third Department.  <u>See</u> BK Dt. No. 18, Ex. "F."

One day later, on January 3, 2013, Plaintiff retained successor counsel and a Consent to Change Attorney was executed by Mr. Olsen on behalf of Plaintiff, Attorney Greenberg, and incoming counsel, John Kingsley, Esq.  <u>See</u> BK Dt. No. 18, Ex. "G."

### III.     The Adversary Proceeding in the Bankruptcy Court

On December 26, 2016, Plaintiff commenced an Adversary Proceeding against Attorney Greenberg by filing a Complaint, relating to Bankruptcy Case No. 1-13-40083, which was instituted on January 8, 2013. <u>See</u> Complaint.

In the adversary proceeding, Plaintiff asserted a legal malpractice claim against Attorney Greenberg based on conclusory and speculative allegations that the motion to vacate and/or dismiss the complaint in the Underlying Foreclosure Action would have been granted if certain legal arguments were made explaining that Plaintiff had meritorious defenses to the Underlying Foreclosure Action.  See Complaint.

Plaintiff's first cause of action for legal malpractice was based on allegations that the trial court in the Underlying Foreclosure Action lacked subject matter jurisdiction because the Board of Directors of WHOA had no legal existence as it was a fictitious entity concocted for the sole purpose of filing notice of liens and a foreclosure judgment.  See Complaint, ¶¶ 29-45. Plaintiff conclusively alleged that Attorney Greenberg is liable for malpractice for failing to include this argument in the motion to vacate and/or dismiss.  See Complaint, ¶¶ 40-45 (first cause of action).

Plaintiff's second cause of action was based on allegations that the statute relied upon by WHOA in the Underlying Foreclosure Action (RPL § 339) could only be used by condominiums, and WHOA "fraudulently masqueraded" as a condominium to invoke this statute.  See Complaint, ¶¶ 46-53.  Plaintiff conclusively alleged that Attorney Greenberg was liable for malpractice for failing to include this argument in the motion to vacate and/or dismiss.  See Complaint, ¶¶ 52-53 (second cause of action).

Plaintiff's third cause of action was based on allegations that the contractual agreement that sets forth the terms between Plaintiff and WHOA did not permit WHOA to file a notice of lien for unpaid or overdue assessments.  See Complaint, ¶¶ 54-60.  Plaintiff conclusively alleged that Attorney Greenberg was liable for malpractice for failing to include this argument in the motion to vacate and/or dismiss.  See Complaint, ¶¶ 59-60 (third cause of action).

7

Plaintiff's fourth cause of action was based on allegations that Attorney Greenberg failed to assert a counterclaim against WHOA's attorney personally in the Underlying Foreclosure Action for the alleged violation of Judiciary Law § 487 based on the WHOA attorney's alleged deceit in invoking RPL § 339.  See Complaint, ¶¶ 61-68.  Plaintiff conclusively alleged that Attorney Greenberg was liable for malpractice for failing to include this argument in the motion to vacate and/or dismiss.  See Complaint, ¶¶ 66-68 (fourth cause of action).

Plaintiff's fifth cause of action was based on allegations that the terms of the contract between WHOA and Plaintiff obligating Plaintiff to be liable for unpaid assessments was against public policy.  See Complaint, ¶¶ 69-79.  Plaintiff conclusively alleged that Attorney Greenberg was liable for malpractice for failing to include this argument in the motion to vacate and/or dismiss. See Complaint, ¶¶ 78-79 (fifth cause of action).

In the Complaint, Plaintiff sought $600,000 as damages (plus pre-judgment interest) for the first three (3) causes of action; treble damages in the amount of $1.8M for the fourth cause of action, and a declaratory judgment that Attorney Greenberg is responsible for any and all of Plaintiff's assessments, past, present, and future.  See Complaint, p. 14.

## IV.    Procedural History of the Adversary Proceeding

As set forth above, Plaintiff filed the Adversary Proceeding Complaint against Attorney Greenberg on December 26, 2015.  See BK ECF No. 1.

On March 4, 2016, Attorney Greenberg filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012. See BK ECF Nos. 16-19.

On March 31, 2017, this Court issued a Decision granting Attorney Greenberg's motion, dismissing Plaintiff's Complaint with prejudice.  See BK ECF No. 47.

8

On April 1, 2017, a corrected Decision was entered by the Bankruptcy Court amending the Decision solely to rectify typographical errors.  See BK ECF No., 49 50.  On April 11, 2017, this Court issued an Order granting Attorney Greenberg's motion to dismiss the adversary proceeding.  See BK ECF No. 52.

On April 25, 2017, Plaintiff filed its first Motion to Reconsider the Bankruptcy Court's Order dismissing Plaintiff's Complaint. See BK ECF No. 53.  After the motion was fully briefed and a hearing was held on the motion, the Bankruptcy Court issued an Opinion and Order on January 11, 2018, denying Plaintiff's Motion to Reconsider. See BK ECF No. 63.

On January 25, 2018, Plaintiff filed a Second Motion to Reconsider the Bankruptcy Court's Order denying the first motion for reconsideration. See BK ECF No. 64.  On that same date, January 25, 2018, Plaintiff also filed a Motion to Amend the Complaint (which had been previously dismissed with prejudice). See BK ECF No. 65.

On May 7, 2018, the Bankruptcy Court issued an Order denying Plaintiff's Motion to Amend the Complaint. See BK ECF No. 72.  On May 29, 2018, Plaintiff filed a Notice of Appeal to the District Court of this Order. See BK ECF No. 79.  On May 31, 3018, the parties were advised that Plaintiff's appeal of the Order denying Plaintiff's Motion to Amend was assigned to Your Honor under Case Number: 18-cv-3166-AMD. See BK ECF No. 94.

On May 18, 2018, the Bankruptcy Court issued an Order denying Plaintiff's second Motion for Reconsideration. See BK ECF No. 76.   On May 30, 2018, Plaintiff filed a separate Notice of Appeal to the District Court of the Order denying its second Motion for Reconsideration. See BK ECF No. 83.  On July 6, 2018, the parties were advised that Plaintiff's appeal of the Order denying Plaintiff's second Motion for Reconsideration was assigned to District Court Judge Frederic Block under Case Number:18-cv-3886. See BK ECF No. 95.

Plaintiff failed to perfect the appeal of the Bankruptcy Court's May 18, 2018 Order, in accordance with Bankruptcy Rule 8006 and Judge Block's July 12, 2018 briefing schedule. See BLOCK ECF No. 2.[6]

## ARGUMENT

I.   **Your Honor Does Not Have Jurisdiction to Review the Bankruptcy Court's April 1, 2017 Order Granting Attorney Greenberg's Motion to Dismiss or the Bankruptcy Court's May 18, 2018 Order denying Plaintiff's Second Motion to Amend.**

As set forth above, the only issue before Your Honor is Plaintiff's appeal of the Bankruptcy Court's Order denying Plaintiff's Motion to Amend. See APPEAL ECF No. 1; BK ECF No. 94.  Since the Appellate Brief fails to raise any arguments regarding the Bankruptcy Court's Order denying Plaintiff's Motion to Amend, the Court needs to go no further and should deny Plaintiff's appeal based on those grounds alone.

Attorney Greenberg respectfully submits that Plaintiff's instant appeal should further be denied as Your Honor does not have jurisdiction to review the Bankruptcy Court's Decisions granting Attorney Greenberg's Motion to Dismiss and denying Plaintiff's second Motion for Reconsideration.   Plaintiff never appealed the Bankruptcy Court's April 1, 2017 Decision granting Attorney Greenberg's Motion to Dismiss and Plaintiff's time to do so has long since expired.

Plaintiff's appeal of the Bankruptcy Court's May 18, 2018 Order denying Plaintiff's second Motion for Reconsideration was assigned to District Court Judge Frederic Block under Case Number: 18-cv-3886. See BK ECF No. 95.   As set forth above, Plaintiff failed to perfect that appeal in accordance with Bankruptcy Rule 8006 and Judge Block's July 12, 2018 briefing schedule.  See BLOCK ECF No. 2.  Plaintiff's counsel was undoubtedly provided with notice by

---

[6]  "BLOCK ECF No. __" refers to the docket for appeal for a separate and different order issued in Buckskin Realty v. Greenberg, assigned to Judge Block under Action No.: 18-cv-3866(FB).

this Court that Plaintiff's appeal of the Bankruptcy Court's Order denying Plaintiff's second Motion for Reconsideration was assigned to Judge Block, and not Your Honor.  Plaintiff's thinly-veiled attempt to "Judge shop" should be rejected by the Court.

Accordingly, Plaintiff's instant appeal should be dismissed.

## II.   "De Novo" Review Pursuant to 28 U.S.C. §157(c)(1) is Not Available as this Adversary Proceeding is a "Core" Action.

The Bankruptcy Court's April 1, 2017 Order specifically ruled that the Adversary Proceeding is a "core" proceeding. See BK ECF No. 50, p. 1. Nonetheless, Plaintiff attempts to mislead the Court by falsely representing the Adversary Proceeding as a "non-core" proceeding (Appellant's Brief, p. 6) in order  obtain "de novo" review of the Bankruptcy Court's Decisions granting Attorney Greenberg's Motion to Dismiss and denying Plaintiff's second Motion for Reconsideration, pursuant to 28 U.S.C. §157(c)(1). Indeed, Appellant's Brief goes to considerable length, at pp. 6-7, to deceptively try to convince this Court to review the decisions "de novo."

However, since this is a core proceeding, 28 U.S.C. §157(c) does not apply.  Attorney Greenberg respectfully submits that to the extent the Court has any jurisdiction to hear any of the arguments raised in the Appellant's Brief, the Court's jurisdiction is pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have  jurisdiction to hear appeals . . . from final judgments, orders, and decrees;. . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).

A district court reviews a bankruptcy court's findings of fact for clear error and reviews its legal conclusions de novo. Overbaugh v. Household Bank N.A. (In re Overbaugh), 559 F.3d 125, 129 (2d Cir. 2009); see Fed. R. Bankr. P. 8013 (district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree," and "[f]indings of fact, whether based

11

on oral or documentary evidence, shall not be set aside unless clearly erroneous"). In other words, the district court does not review the bankruptcy court's findings of fact *de novo*, as Plaintiff seeks in its Appellant's Brief.  "While the bankruptcy court's findings of fact are not conclusive on appeal, 'the party that seeks to overturn them bears a heavy burden.'" <u>In re Lehman Bros. Holdings, Inc.</u>, 415 B.R. 77, 83 (S.D.N.Y. 2009) (<u>quoting</u> <u>H & C Dev. Group, Inc. v. Miner (In re Miner),</u> 229 B.R. 561, 565 (2d Cir. BAP 1999)). "A finding is 'clearly erroneous' when" the reviewing court is "left with the definite and firm conviction that a mistake has been made." <u>In re Ames Dep't Stores, Inc.</u>, 582 F.3d 422, 426 (2d Cir. 2009) (<u>quoting</u> <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

## III.   Plaintiff has Not Provided Any Legitimate Reasons to Modify or Reverse the Bankruptcy Court's Decisions.

As set for the above, Attorney Greenberg respectfully submits that Plaintiff's instant appeal should be denied for the straightforward reason that this Court does not have jurisdiction to review the Bankruptcy Court's Decision granting Attorney Greenberg's Motion to Dismiss or the Decision denying Plaintiff's second Motion for Reconsideration.    However, even if the District Court had jurisdiction, Plaintiff failed to provide any legal basis to modify or reverse the Bankruptcy Court's Orders.

### A.   The Bankruptcy Court Can Take Judicial Notice of Court Decisions

Plaintiff's first specious argument seeking reversal of the Bankruptcy Court's Decision granting Attorney Greenberg's Motion to Dismiss is that the Court erroneously treated Attorney Greenberg's 12(b)(6) motion as a Rule 56 motion by improperly considering the trial court's decision, which denied the underlying motion to vacate the default judgment.

At the outset, Plaintiff's argument that the Court treated Attorney Greenberg's Rule 12(b)(6) motion as a summary judgment motion is a completely new argument that was not

previously presented to the Court in Plaintiff's first motion for reconsideration (ECF No. 53) or in any of Plaintiff's briefing in opposition to Attorney Greenberg's motion to dismiss (ECF Nos. 34, 37).  It was first, improperly, raised in Plaintiff's Second Motion for Reconsideration.  It is well-established that a motion pursuant to Rule 59(e) may not advance new issues or arguments not previously presented to the Court.  See In re Hassan, 527 B.R. 97, 100 (Bankr. E.D.N.Y. 2015).  As such, Plaintiff's argument should be rejected because it is entirely outside the scope of the record.

Even if considered, Plaintiff's argument ignores well-established law which provides that on a motion pursuant to Rule 12(b)(6), a court may take judicial notice of decisions in prior state court adjudications. See Baird v. Kingsboro Psychiatric Ctr., No. 111 CV 159 (NGG) (LB), 2013 U.S. Dist. LEXIS 153701, at *7 (E.D.N.Y. Aug. 12, 2013) (citing Volpe v. Nassau Cnty., 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013) (taking judicial notice of plaintiff's NYSDHR complaint and the NYSDHR decision on defendant's motion to dismiss); Fraticelli v. Good Samaritan Hosp., 11 CV 3376 (VB), 2012 U.S. Dist. LEXIS 135794, at *8 (S.D.N.Y. July 23, 2012) ("The Court takes judicial notice of plaintiff's EEOC charge filed with the NYSDHR" in ruling on the motion to dismiss.); Vandever v. Murphy, Case No. 3:09cv1752(AWT), 2012 U.S. Dist. LEXIS 126076, at *12 n.2 (D. Conn. Mar. 13, 2012) ("The court takes judicial notice of documents filed in cases in other courts" in deciding a motion to dismiss.)

Accordingly, the Bankruptcy Court's reference to the trial court's order in its decision does not provide any reason for this Court to reverse or modify the Bankruptcy Court's Decision granting Attorney Greenberg's Motion to Dismiss and Decision denying Plaintiff's second Motion for Reconsideration.

**B.    The Bankruptcy Court Was Not Required to Accept Plaintiff's Legal Conclusion that the Board's "Non-Existence" Would Mandate Vacatur of the Underlying Foreclosure Judgment.**

Next, Plaintiff seeks reversal of the Bankruptcy Court's Decision granting Attorney Greenberg's Motion to Dismiss based upon the flawed argument that the Bankruptcy Court was required to accept, as true, Plaintiff's legal conclusions and speculation that the (1) Board had no legal existence; and (2) if Attorney Greenberg raised the "non-existence" issue in his motion to vacate, the Court would have granted the motion to vacate the judgment of foreclosure.

Again, Plaintiff's position entirely disregards well-established caselaw which provides that "although a court" adjudicating a Rule 12(b)(6) motion "must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (*internal quotation marks omitted*) (quoting Iqbal, 556 U.S. at 678).

Further, as the Bankruptcy Court properly found in its Decision denying Plaintiff's first motion for reconsideration, the legal authority cited by Plaintiff was inapposite and did not support Plaintiff's argument because the cases dealt with corporations that have commenced actions after ceasing operations.  See Bk Dkt. No. 63.  Here, the Board's status is different in that although it was not allegedly registered, it was still the board of Windmont, an active homeowners' association.

The Bankruptcy Court properly held that Plaintiff alleged nothing more than bare-bones and speculative legal conclusions that the failure to include certain arguments in a motion to vacate constituted legal malpractice.  The Bankruptcy Court aptly reasoned that there were no facts to pled to support the proximate causation element of Plaintiff's legal malpractice claim,

i.e., that if Attorney Greenberg had included the other arguments that Plaintiff alleges should have been asserted in the motion to vacate, the State Court Justice would have granted the motion, vacated the default judgment against Plaintiff in the Underlying Foreclosure Action, and dismissed the Underlying Foreclosure Action.  The Bankruptcy Court further correctly ruled that the proposed strategy that Plaintiff claimed should have been raised by Attorney Greenberg (i.e., moving to dismiss under C.P.L.R. §5015(a)(1) on the grounds that the board's "non-existence" required vacatur of judgment of foreclosure) was not guaranteed to be successful, and therefore that Attorney Greenberg was not negligent in moving to vacate under C.P.L.R. §5015(a)(1) as it was one of among several proper and reasonable courses of action. See Bk Dkt. No. 63.  For these reasons, Plaintiff's allegations that Attorney Greenberg failed to perform legal research as to the legal existence of the Board, does not warrant reversal or modification of the Bankruptcy Court Orders either.

**C. Plaintiff's Remaining Arguments are Without Merit as the Bankruptcy Court Properly Ruled that Attorney Greenberg was Not Negligent and that Attorney Greenberg's Alleged Conduct Did not Proximately Cause Plaintiff Any Damages.**

The Appellant's Brief otherwise fails to provide any reasons to modify or reverse the Bankruptcy Court's decisions.  Each of Plaintiff's arguments regarding Attorney Greenberg's alleged failure to conduct research or raise arguments regarding Plaintiff's meritorious defenses to the foreclosure action ignores that in New York, vacating a default judgment requires the plaintiff to show (1) a reasonable excuse for the default; and (2) a potentially meritorious defense to the action. See U.S. Bank Nat'l Assoc. v. Stewart, 97 A.D.3d 740, 948 N.Y.S.2d 411 (2d Dept. 2012); see also N.Y. C.P.L.R. § 5015(a)(l).

While Plaintiff continuously argues that Attorney Greenberg should have presented different arguments to establish a meritorious defense to the foreclosure action, Plaintiff's

15

opposition to Attorney Greenberg's Motion to Dismiss, Plaintiff's two Motions for Reconsideration and this Appellate Brief are all devoid of any arguments alleging that Plaintiff had a reasonable excuse for the default. Indeed, the trial court's order denying Attorney Greenberg's motion to vacate the default judgment was based exclusively upon Plaintiff's inability to provide a reasonable excuse for its default. Moreover, Plaintiff's baseless argument that had Attorney Greenberg moved to dismiss pursuant to C.P.L.R. §5015(a)(4) as opposed to C.P.L.R. §5015(a)(1), the State Court would have dismissed the Underlying Foreclosure Action, is wildly speculative and unsupported by any facts or legal authority.

Accordingly, the Bankruptcy Court properly dismissed Plaintiff's Adversary Proceeding Complaint against Attorney Greenberg, because even if Attorney Greenberg raised all of the arguments that Plaintiff claims Attorney Greenberg should have raised regarding the alleged meritorious defenses to the Underlying Foreclosure Action, Plaintiff did not plead and could not otherwise demonstrate that if those proffered arguments had been asserted the State Court's motion to vacate would have been granted and the Underlying Foreclosure Action would have been dismissed (as again, those were based upon Plaintiff's inability to provide a reasonable excuse for its default). Because the State Court based its ruling on Plaintiff's failure to provide a reasonable excuse for its default and not on the merits of Plaintiff's arguments in response to the foreclosure, it is impermissibly speculative for Plaintiff to assume that the outcome would have been different had Attorney Greenberg asserted other arguments in the motion to vacate.

16

## **CONCLUSION**

Based on the foregoing, Attorney Greenberg respectfully submits that the instant appeal should be denied and the Bankruptcy Court's Decisions affirmed in their entirety.

Dated: New York, New York
         August 22, 2018

                                        Respectfully submitted,

                                        FURMAN KORNFELD & BRENNAN LLP

                                        By: _____
                                             A.  Michael Furman, Esq.
                                             Izabell Lemkhen, Esq.
                                             *Attorneys for Defendants*
                                             MARK D. GREENBERG and
                                             GREENBERG and GREENBERG
                                             61 Broadway, 26th Floor
                                             New York, New York 10006
                                             Tel: (212) 867-4100
                                             FKB File No.: 300.230

TO:  Frederick Cains, Esq.
       Attorney for Plaintiff
       Buckskin Realty, Inc.
       430 East 86th Street
       New York, NY 10028

17